[No. S030179. Dec. 16, 1993.]

COLLEEN LAKIN, Plaintiff and Appellant, v.
WATKINS ASSOCIATED INDUSTRIES et al., Defendants and
Respondents.

COUNSEL

R. Stevens Condie for Plaintiff and Appellant.

Parker, Stanbury, Babcock, Combs & Bergsten, Douglass H. Mori and Michael E. McCabe for Defendants and Respondents.

OPINION

MOSK, J.—We granted review to decide three issues. First, we must determine whether a postjudgment order denying an award of attorney fees under Code of Civil Procedure section 2033, subdivision (o), is appealable. For the reasons that follow, we conclude that it is. Second, we must

determine where the burden of proof lies when a plaintiff in a personal injury case claims prejudgment interest, under Civil Code section 3291, on a judgment more favorable than her offer to compromise under Code of Civil Procedure section 998, subdivision (b). As will appear, we conclude the plaintiff has the burden of proving what portion of the total award represents damages for personal injury; we further conclude that plaintiff herein has not yet had the opportunity to carry this burden. Accordingly, the judgment of the Court of Appeal on these issues holding to the contrary will be reversed. Finally, we must determine whether prejudgment interest under Civil Code section 3291 may be awarded on punitive damages. We conclude that it may not.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the scene of an accident in which a truck that defendant driver was operating on behalf of defendant trucking company hit plaintiff's car, the driver identified himself falsely to plaintiff and gave her false insurance information. Later, a company official denied the accident had occurred and accused plaintiff of fabricating her claim. She sued for negligence and intentional infliction of emotional distress.

Pursuant to Code of Civil Procedure section 2033, plaintiff requested that defendants admit a collision had occurred between their truck and her car. They replied that they had insufficient facts to admit or deny the truth of the request. More than two years before trial, plaintiff made an offer to the company to compromise under Code of Civil Procedure section 998, subdivision (b), in the amount of $89,000. The company did not accept.

At trial plaintiff proved that the company's own dispatch records placed the truck driver at the scene of the accident on the day in question and that the company had conducted an internal investigation at the time of the accident—two years before her request for admission—and had concluded the collision had in fact occurred. The jury found for plaintiff, awarding her a total of $100,000 against the company, including both compensatory and punitive damages.

After entry of judgment plaintiff moved for an award of attorney fees incurred in proving facts that defendants had refused to admit—specifically, the fact of the collision. (Code Civ. Proc., § 2033, subd. (o).) She also moved for an award of prejudgment interest on the ground that the amount of her pretrial offer to compromise was less than the eventual judgment. (Civ. Code, § 3291.)

The court denied both motions. It ruled that plaintiff could not receive attorney fees because she had presented evidence of such fees in the context of her prayer for punitive damages; it concluded the jury intended the punitive award to include reimbursement for such fees. It further ruled that plaintiff could not receive prejudgment interest because she did not demand such interest in her complaint.

Plaintiff appealed from this postjudgment order. Insofar as the order denied attorney fees, the Court of Appeal held it was nonappealable and dismissed that portion of her appeal. Insofar as the order denied prejudgment interest, the Court of Appeal held that Civil Code section 3291 does not require a plaintiff to demand prejudgment interest in the complaint, but nevertheless affirmed the denial of prejudgment interest, reasoning that plaintiff failed to prove the damages were awarded exclusively for personal injury.

## II. ATTORNEY FEES

 Plaintiff first contends a postjudgment order granting or denying attorney fees is appealable. Code of Civil Procedure section 2033, subdivision (o), provides in relevant part: "If a party fails to admit the . . . truth of any matter when requested to do so under this section, and if the party requesting that admission thereafter proves the . . . truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." The statute mandates that the court "shall" make such an order unless (1) an objection to the request was sustained or a response was waived, (2) the admission was of no substantial importance, (3) the party failing to make the admission reasonably expected to prevail on the matter, or (4) there was other good reason for the failure to admit. (*Ibid.*)

The trial court denied plaintiff's motion for attorney fees, not because of any of the four statutory exceptions but because of concern that an award of attorney fees would constitute double recovery.[1] The Court of Appeal did not reach the merits of this ruling; it concluded that the order denying attorney fees was not appealable as a postjudgment order. (See Code Cív. Proc., § 904.1, subd. (b).)

---

[1]We do not decide whether a court would be powerless to deny a motion for attorney fees under Code of Civil Procedure section 2033, subdivision (o), when such an award would result in double recovery.

Code of Civil Procedure section 904.1, subdivision (b), provides that an order made after an appealable judgment is itself appealable.[2] As this court long ago explained, " 'The necessity for this . . . provision is apparent, when it is considered that an appeal from the judgment would only bring up the record of the proceedings resulting in the rendition of the judgment, and that such an appeal may have been taken, and even disposed of here, by affirmance or reversal, *before* the order complained of was made in the Court below; so that while an appeal from a judgment might in some instances be safely relied upon for the review of an order entered before its rendition, it would afford no reliable remedy against such an order only entered *subsequently* to its rendition.' " (*Calderwood* v. *Peyser* (1871) 42 Cal. 110, 116, italics in original.)

■■■ Despite the inclusive language of Code of Civil Procedure section 904.1, subdivision (b), not every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements.[3] The Court of Appeal concluded that an order in the nature of a denial of attorney fees did not satisfy one of those requirements, and thus that appeal from the order was precluded. We conclude otherwise.

The first requirement—not discussed by the Court of Appeal—is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment. (See *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297].) "The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment." (*Id.* at p. 358.) ■■■ In the present case, an appeal from the order denying attorney fees pursuant to Code of Civil Procedure section 2033, subdivision (o), plainly raises issues different from those arising from the judgment itself. Thus, this requirement is satisfied.

■■■ The second requirement—which the Court of Appeal found dispositive—is that "the order must either affect the judgment or relate to it by

---

[2] Code of Civil Procedure section 904.1 states in relevant part:
"An appeal may be taken from a superior court in the following cases:
"(a) From a judgment [with certain exceptions] . . . .
"(b) From an order made after a judgment made appealable by subdivision (a)."

[3] The prerequisite that the underlying judgment must itself be final is sometimes described as a third requirement of appealable postjudgment orders. (See, e.g., 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 101, p. 121; 1 Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1993) ¶ 2:150, p. 2-43, rev. #1, 1991.) Here, the finality of the underlying judgment is not in dispute and was not part of the Court of Appeal's analysis.

enforcing it or staying its execution." (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 400 [197 Cal.Rptr. 843, 673 P.2d 720].) Under this rule, a postjudgment order that does "not affect the judgment or relate to its enforcement [is] not appealable . . . ." (*Ibid.*) The Court of Appeal reasoned that the order here in issue did not affect the judgment or relate to its enforcement because it "leaves the judgment intact and neither adds to it nor subtracts from it." (*Redevelopment Agency* v. *Goodman* (1975) 53 Cal.App.3d 424, 429 [125 Cal.Rptr. 818].) This reasoning, however, is incomplete.

The rule that an appealable postjudgment order must affect the judgment or relate to its enforcement has existed for more than a century. In *Griess* v. *State Investment etc. Co.* (1892) 93 Cal. 411, 413 [28 P. 1041], we held that a postjudgment order denying a motion to amend the minutes of the court was not appealable because "[i]t in no manner affected the judgment or bore any relation to it, either by way of enforcing it or staying its operation, nor did it concern any pending motion in the case itself. It was only the determination of the court that its minutes did not require correction, and the action of a court of record in such a matter is not subject to review by the ordinary process of appeal."

In the ensuing years we determined the appealability of a variety of postjudgment orders. It is instructive to review those we have held did not affect the judgment or relate to its enforcement, and hence were not appealable. All are orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal.

For example, we held not appealable a posttrial order excusing a plaintiff's failure to present a bill of exceptions for settlement before making a motion for a new trial; it would become appealable as part of an appeal from the later motion for a new trial. (*Kaltschmidt* v. *Weber* (1902) 136 Cal. 675, 676-677 [69 P. 497].) Similarly, an order denying a motion to amend an order vacating a judgment "could be reviewed by appeal only on an appeal from the subsequent final judgment." (*City of San Diego* v. *Superior Court* (1950) 36 Cal.2d 483, 486 [224 P.2d 685].) An order approving employment of additional counsel for a receiver with respect to an appeal "is not a matter affecting enforcement of the [preceding] judgment." (*Raff* v. *Raff* (1964) 61 Cal.2d 514, 519 [39 Cal.Rptr. 366, 393 P.2d 678].)

Other nonappealable orders have pertained to the preparation of a record for use in a future appeal: an order striking a court's certificate from a clerk's transcript (*Lake* v. *Harris* (1926) 198 Cal. 85, 89 [243 P. 417]); an order vacating an order to show cause in contempt proceedings for failure to

prepare a reporter's transcript (*Williams* v. *Superior Court* (1939) 14 Cal.2d 656, 658, 666 [96 P.2d 334]); an order granting a stay of proceedings on appeal, which "simply continued the time within which the appellant was required to prepare his record on appeal" (*Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 632, 633 [150 P.2d 881]); an order refusing to correct and amend a transcript (*People* v. *Gross* (1955) 44 Cal.2d 859, 860-861 [285 P.2d 630]); and an order denying relief relative to a charge for preparing a transcript (*Summers* v. *Superior Court* (1959) 53 Cal.2d 295, 296, 297 [1 Cal.Rptr. 324, 347 P.2d 668]). All these "postjudgment" orders lacked finality in that they were also preparatory to later proceedings. To hold these orders "nonappealable" merely postponed their appeal until the conclusion of later proceedings; it did not deny it altogether.

For some time, courts—including this one—have used the "neither adds nor subtracts" standard here employed by the Court of Appeal as a yardstick to measure whether a postjudgment order affects the preceding judgment or relates to its enforcement. (See, e.g., *Lake* v. *Harris*, *supra*, 198 Cal. at p. 89.) This standard, however, has never been an exclusive statement of the necessary relationship between a judgment and an appealable postjudgment order. Although the standard can be useful in some circumstances, the effect on, or relationship to, the judgment required to make a postjudgment order appealable is not limited to a simple mathematical calculation. To conclude otherwise would mean that a postjudgment order *awarding* attorney fees— thereby adding to the judgment—was appealable, while a postjudgment order *denying* attorney fees—neither adding to nor subtracting from the judgment—was not. This is not the law.[4]

Further, we have held appealable postjudgment orders making a final determination of rights or obligations of parties even though they did not necessarily add to or subtract from the judgment. An order terminating proceedings for a record on appeal was appealable because it was "necessarily a final determination of the matter," eliminating the possibility of appeal. (*Wood* v. *Peterson Farms Co.*, *supra*, 214 Cal. 94, 98.) An order

---

[4]Appealable postjudgment orders include both those granting affirmative relief and those denying it. (See *Gilman* v. *Contra Costa County* (1857) 8 Cal. 52, 57.) It is true that on occasion an order granting a particular motion may be appealable while an order denying the same motion may not be, or vice versa. For example, this court noted in *Wood* v. *Peterson Farms Co.* (1931) 214 Cal. 94, 98 [3 P.2d 922], that although an order *denying* relief from default in the preparation of a reporter's transcript was appealable because it had "the effect of precluding an appellant from presenting his case on appeal," an order *granting* relief from default would not be appealable, presumably because it was not a final determination of the rights of the parties and would be appealable as part of the later appellate proceedings. There is, however, no parallel distinction to be made between an order granting attorney fees and an order denying them. In either case the resulting determination is final; in neither case would the ruling become appealable as part of later proceedings.

authorizing a receiver to make payments in his discretion was appealable, whether viewed as consistent or inconsistent with the preceding judgment. (*Raff* v. *Raff, supra*, 61 Cal.2d at pp. 517-518.) An order fixing attorney fees and requiring them to be paid was appealable. (*Id.* at p. 519.) An order denying a motion for judgment on an appeal bond was appealable because it "relates directly to the enforcement of a judgment." (*Merritt* v. *J. A. Stafford Co.* (1968) 68 Cal.2d 619, 622 [68 Cal.Rptr. 447, 440 P.2d 927].)[5]

Thus, postjudgment orders that neither literally add to nor subtract from the judgment can nevertheless be appealable, as long as they affect the judgment or relate to its enforcement. To say that a nonappealable postjudgment order neither adds to nor subtracts from the judgment is but one way of describing its lack of relationship to the judgment. Alternative formulations of that description include saying, for example, that a nonappealable postjudgment order " 'in no manner affected the judgment, or bore any relation to it, either by way of enforcing it or staying its operation.' [Citation.] Neither is it a final determination of any matter affecting the appellant in the proceeding before the court in which it was made." (*Kaltschmidt* v. *Weber, supra*, 136 Cal. 675, 676.) Similarly, nonappealable postjudgment orders "neither added to nor subtracted from the relief granted in the judgment, nor did they adjudicate any rights or establish any liabilities." (*Watson* v. *Pryor* (1920) 49 Cal.App. 554, 558 [193 P. 797].)

Unlike orders we have previously held nonappealable, the present order denying attorney fees is not preliminary to future proceedings and will not become subject to appeal after a future judgment. Rather, it resembles the orders we have held appealable. It affects the judgment or relates to its enforcement in that it finally determines the rights of the parties arising from the judgment. Moreover, it is plainly appealable under *Kaltschmidt* v. *Weber, supra*, 136 Cal. at page 676, as a final determination of a matter affecting plaintiff in the original proceeding, and under *Watson* v. *Pryor, supra*, 49 Cal.App. at page 558, as an adjudication of the right to attorney fees arising from the judgment.

In addition, numerous decisions of the Courts of Appeal have expressly or impliedly held appealable similar postjudgment orders concerning costs, interest, and attorney fees. Some examples include orders denying an award of attorney fees based on fee provisions in promissory notes (*Del Mar* v. *Caspe* (1990) 222 Cal.App.3d 1316, 1320 [272 Cal.Rptr. 446]), denying a

---

[5]We note in addition that in *Fulton* v. *Fulton* (1934) 220 Cal. 726, 729 [32 P.2d 634], this court described—although without analysis, and with no reference to any effect on, or relationship to, the judgment—a postjudgment order denying attorney fees and costs on appeal as an appealable order not subject to review on appeal from the judgment.

motion to tax costs (*Norman I. Krug Real Estate Investments, Inc.* v. *Praszker* (1990) 220 Cal.App.3d 35, 45-46 [269 Cal.Rptr. 228]), denying a motion to recover litigation expenses (*San Diego Gas & Electric Co.* v. *3250 Corp.* (1988) 205 Cal.App.3d 1075, 1087 [252 Cal.Rptr. 853]), denying attorney fees under Civil Code section 1717 (*Commercial & Farmers Nat. Bank* v. *Edwards* (1979) 91 Cal.App.3d 699, 702 [154 Cal.Rptr. 345]), apportioning attorney fees among attorneys (*Breckler* v. *Thaler* (1978) 87 Cal.App.3d 189, 193, 194-197 [151 Cal.Rptr. 50]), denying interest on a judgment (*Redevelopment Agency* v. *Goodman, supra,* 53 Cal.App.3d at p. 429), and denying a motion to vacate an order for attorney fees and costs (*MacLeod* v. *Tribune Publishing Co.* (1958) 157 Cal.App.2d 665, 669 [321 P.2d 881]). Although none of these orders either literally added to or subtracted from the relief accorded by the preceding judgments, each order nevertheless had a sufficient effect on the judgment or bore a sufficient relationship to its enforcement to be appealable.

Defendants attempt to distinguish postjudgment orders pertaining to attorney fees requested under Code of Civil Procedure section 2033, subdivision (o), from other postjudgment orders pertaining to attorney fees held to be appealable. (See, e.g., *Viejo Bancorp, Inc.* v. *Wood* (1989) 217 Cal.App.3d 200, 204, 205 [265 Cal.Rptr. 620] [order awarding attorney fees pursuant to contract is appealable]; *Henneberque* v. *City of Culver City* (1985) 172 Cal.App.3d 837, 840, 841-842 [218 Cal.Rptr. 704] [order awarding attorney fees under Code of Civil Procedure section 1021.5 is appealable]; *Marini* v. *Municipal Court* (1979) 99 Cal.App.3d 829, 834-835 [160 Cal.Rptr. 465] [same].) It is true that the substantive issues arising under those and other theories on which attorney fees can be based may differ from the substantive issues arising from a request for the kind of attorney fees here in issue. We see no reason, however, to erect unique procedural barriers to recovery of the latter. To do so would thwart the Legislature's intent in enacting the statutory scheme that makes them available in the first place.

Defendants also rely on *Lubetzky* v. *Friedman* (1991) 228 Cal.App.3d 35 [278 Cal.Rptr. 706], which considered the appealability of an order denying sanctions. That case involved a complex sequence of events: the plaintiff filed suit, the trial court dismissed, the plaintiff appealed, the Court of Appeal affirmed and awarded costs on appeal to the defendants; the plaintiff moved to tax costs, the trial court denied that motion, the plaintiff appealed from the denial, the Court of Appeal again affirmed and awarded costs on appeal to the defendants, the plaintiff moved to tax those costs and requested sanctions, and the trial court denied that motion. On the plaintiff's appeal from the last order insofar as it denied sanctions, the Court of Appeal had "serious doubt that the order is appealable" (*id.* at p. 44), stating without

analysis that the order did not affect or relate to the judgment of dismissal. Because of the dissimilar procedural stance of that case, the court's equivocation as to the order's appealability, and the special appeal rules for sanction orders (see Code Civ. Proc., § 904.1, subd. (k)), we find its reasoning unpersuasive in resolving the problem at hand.

Accordingly, we hold that the order here in issue, denying an award of attorney fees requested pursuant to Code of Civil Procedure section 2033, subdivision (o), is a postjudgment order that affects the judgment or relates to its enforcement because it determines the rights and liabilities of the parties arising from the judgment, is not preliminary to later proceedings, and will not become subject to appeal after some future judgment. Therefore, it is appealable.[6] On remand the Court of Appeal should address the merits of plaintiff's appeal from the portion of the order that denied attorney fees.

### III. PREJUDGMENT INTEREST

■ Plaintiff next contends the Court of Appeal incorrectly affirmed the denial of her motion for prejudgment interest. She so moved pursuant to Civil Code section 3291 (hereafter section 3291), which provides in relevant part: "In any action brought to recover damages for personal injury . . . it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section. [¶] If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure[7] which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

Plaintiff alleged causes of action sounding in negligence and intentional infliction of emotional distress. The threshold question is whether her action falls within the ambit of section 3291. (See *Gourley* v. *State Farm Mut. Auto.*

---

[6]Given our holding that the order is appealable as an order made after a judgment, we need not consider the alternate ground suggested by the plaintiff: that the order is appealable as "an order which determines a matter collateral to the main action . . . [as well as] severable from the general objective of the litigation and . . . a decision thereon determines finally the rights of the parties in relation to the collateral matter, leaving no further judicial action to be taken in regard to that matter." (*Henneberque* v. *City of Culver City, supra*, 172 Cal.App.3d 837, 841.)

[7]Code of Civil Procedure section 998, subdivision (b), provides in relevant part: "Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time."

*Ins. Co.* (1991) 53 Cal.3d 121, 126-127 [3 Cal.Rptr.2d 666, 822 P.2d 374] [hereafter *Gourley*].) We are satisfied that it does. In *Gourley* we held that section 3291 interest was not available in insurance bad faith actions because such actions seek damages for interference with a property right, not for personal injury. (*Id.* at pp. 127-130.) "The substance of a bad faith action . . . is the insurer's unreasonable refusal to pay benefits under the policy" (*id.* at p. 127), and in such an action "damages for emotional distress are compensable as *incidental damages* flowing from the initial breach, not as a separate cause of action" (*id.* at p. 128, italics in original).

Here, by contrast, plaintiff's claims of emotional distress were not incidental to " 'a substantial invasion of property interests' " (*Gourley, supra,* 53 Cal.3d at p. 128); rather, they were at the heart of her case.[8] She presented evidence of emotional distress under both her theories: in the negligence cause of action, her emotional distress resulted from the accident itself, while in the cause of action for intentional infliction of emotional distress her emotional distress resulted from her dealings with defendants subsequent to the accident. Although the events that formed the basis for her lawsuit did cause some property damage, that fact alone does not defeat her claim for damages under a personal injury theory. Therefore, section 3291 prejudgment interest is available because this suit is an "action brought to recover damages for personal injury" within the meaning of the section. (See also *Bihun* v. *AT&T Information Systems, Inc.* (1993) 13 Cal.App.4th 976, 1005 [16 Cal.Rptr.2d 787] [action for sexual harassment in the workplace under the Fair Employment and Housing Act is an action for personal injury within the meaning of § 3291].)

## A. Burden of Proof

We next determine where the burden of proof lies on the issue of entitlement to prejudgment interest under section 3291. Plaintiff made a statutory pretrial offer to defendant trucking company to compromise for $89,000; the company did not accept her offer. At trial she presented evidence of her emotional distress and of damage to her car. After trial she claimed prejudgment interest on the entire $100,000 award against the company, which was comprised of punitive damages of $80,000 against it

---

[8]Defendants do not dispute that emotional distress is personal injury for the purposes of section 3291. (See Prosser & Keeton, Torts (5th ed. 1984) ch. 2, § 12, p. 56; 2 Harper et al., The Law of Torts (2d ed. 1986) § 9.1, p. 604; *Morin* v. *ABA Recovery Service, Inc.* (1987) 195 Cal.App.3d 200, 208 [240 Cal.Rptr. 509] [assuming emotional distress is personal injury for purposes of § 3291].)

and compensatory damages of $20,000 jointly and severally against both it and the truck driver.[9]

The court denied plaintiff's motion for prejudgment interest on procedural grounds, not reaching its merits. On appeal, the Court of Appeal held there was no procedural barrier to an award of prejudgment interest but nevertheless denied relief, apparently on the ground that the award was not "damages for personal injury" within the meaning of the statute.

*Morin* v. *ABA Recovery Service, Inc., supra*, 195 Cal.App.3d at page 208 (hereafter *Morin*), read section 3291 as authorizing prejudgment interest only on damages attributable to personal injury. The *Morin* court reasoned from cases involving motions for attorney fees. For example, in *McKenzie* v. *Kaiser-Aetna* (1976) 55 Cal.App.3d 84 [127 Cal.Rptr. 275] (hereafter *McKenzie*), three legal theories—only one of which was contractual in nature—were argued to the jury. After a general verdict, the court denied attorney fees available in contract actions under Civil Code section 1717 because it could not determine what part of the award related to the contractual theory, and "[a]ttorney fees are not allowed where it is impossible to determine what part of the jury award relates to contract." (*Morin, supra*, 195 Cal.App.3d at p. 209, citing *McKenzie, supra*, 55 Cal.App.3d at pp. 88-89.) The *Morin* court reasoned that section 3291 similarly authorizes "prejudgment interest only for the personal injury portion of a more general total recovery." (*Morin, supra*, 195 Cal.App.3d at p. 208.)

■ We agree with this conclusion, although we do not adopt the reasoning. The statute in issue is not a model of clarity. Its second paragraph provides that if the plaintiff makes a pretrial offer to compromise that is not accepted and then "obtains a more favorable judgment, the *judgment* shall bear interest . . ." (§ 3291, italics added). Taken literally, this language requires a court to assess prejudgment interest on an entire judgment regardless of how much or how little of the award consisted of personal injury damages.

Our inquiry, however, does not end here. We are not prohibited "from determining whether the literal meaning of a statute comports with its

[9]We perceive no significance in the fact that the compensatory damages claimed against defendant trucking company included damages for the conduct of defendant truck driver. If plaintiff had made an undifferentiated settlement offer to both defendants and then had obtained a judgment for which defendants were not jointly liable, an issue of apportionment might arise. (See, e.g., *Taing* v. *Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579 [11 Cal.Rptr.2d 820].) The present situation, however, differs in two respects: plaintiff made her offer to only one defendant, and that defendant was either solely liable or jointly and severally liable for the entire judgment. (See *Bihun* v. *AT&T Information Systems, Inc., supra*, 13 Cal.App.4th at pp. 1000-1001.)

purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation] . . . ." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

The first paragraph of section 3291 permits the plaintiff in "any action brought to recover *damages for personal injury* . . . to claim interest on the damages alleged" (italics added). We understand the Legislature to have intended this narrower language, which confines the availability of prejudgment interest to "damages for personal injury," to limit the broader language of the second paragraph. To adopt the broader reading of the second paragraph would render the narrower language of the first paragraph nugatory.

By authorizing prejudgment interest only on personal injury damages, the narrower language also serves an important purpose of section 3291, i.e., "to provide a statutory incentive to settle personal injury litigation where plaintiff has been physically as well as economically impaired . . . ." (*Gourley*, *supra*, 53 Cal.3d at p. 126.) The broader reading gives a windfall to plaintiffs who happen to attach claims for personal injury damages to claims for other kinds of damages. We conclude that section 3291 authorizes courts to award prejudgment interest only on damages attributable to personal injury.

 We next consider how a court is to determine the nature of damages for purposes of section 3291. In *Morin*, *supra*, 195 Cal.App.3d 200, the first case to address this issue, the plaintiffs moved for section 3291 prejudgment interest on damages awarded in a general verdict under both personal injury and property damage theories. The Court of Appeal reversed the trial court's denial of the motion and remanded for further proceedings to establish what portion of the award was attributable to personal injury.

In the present case the Court of Appeal relied on *Morin*, *supra*, 195 Cal.App.3d 200, for the proposition that plaintiff has the burden of "establishing the threshold proposition that a certain award is in fact for personal injury . . . ." (*Id.* at p. 208.) According to the special verdict, the compensatory damages included $5,000 as a result of the collision and $15,000 as a result of the false identification and insurance information furnished by

defendant truck driver.[10] Assuming that the compensatory damages of $5,000 as a result of the collision were attributable to property damage to plaintiff's car,[11] the Court of Appeal concluded that by requesting prejudgment interest on the entire award plaintiff failed to establish that the award was for personal injury.

Plaintiff concedes the initial burden of proof rested on her, but contends (1) that she carried her threshold burden to show that "any portion of the jury award reflects personal injury damages" (*Morin, supra,* 195 Cal.App.3d at p. 208) by establishing that the jury awarded damages on a personal injury theory, and (2) that the burden then shifted to defendant to claim and prove apportionment for any fraction of the award that might not be for personal injury.

We do not agree in full with either reading of *Morin.* Plaintiff's proposal to shift the burden of proving apportionment to defendant is contrary to Evidence Code section 500, which provides: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." It is plaintiff who is claiming prejudgment interest; thus, under the general rule it is plaintiff who bears the burden of proving each fact essential to an award of such interest, including the amount or proportion of personal injury damages in the judgment.

It is true that "[t]he general rule allocating the burden of proof applies 'except as otherwise provided by law.' The exception is included in recognition of the fact that the burden of proof is sometimes allocated in a manner that is at variance with the general rule. In determining whether the normal allocation of the burden of proof should be altered, the courts consider a number of factors: the knowledge of the parties concerning the particular fact, the availability of the evidence to the parties, the most desirable result in terms of public policy in the absence of proof of the particular fact, and

---

[10]The special verdict declared in relevant part: "1. Did defendant Gary Prince negligently operate a vehicle in such a manner as to damage plaintif's [*sic*] vehicle?" Answer: "Yes." "2. Was such negligence a legal cause of damage to the plaintiff?" Answer: "Yes." "3. What is the total amount of damages suffered by the plaintiff as a legal result of the collision?" Answer: "$5000.00." "4. Did defendant Gary Prince intentionally give plaintiff false information regarding his identity and insurance?" Answer: "Yes." "5. What is the total amount of damages suffered by the plaintiff as a legal result of the failure of defendant Gary Prince to inform plaintiff of his true identity and accurate insurance data?" Answer: "$15,000." "6. Do you find that there was oppression, fraud or malice in the conduct of defendant Gary Prince?" Answer: "Yes." "7. Do you find that there was oppression, fraud or malice in the conduct of defendant Watkins Motor Lines, Inc.?" Answer: "Yes."

[11]At trial plaintiff presented evidence of $4,808.50 in automobile repair and storage costs as a result of the accident.

the probability of the existence or nonexistence of the fact." (Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) § 500, p. 431.)

Plaintiff offers no reason why we should make an exception to the general rule for section 3291, and we cannot conceive of one. Personal injury defendants possess no special knowledge of the basis of a jury's award of damages; the plaintiffs in such cases can request special verdicts or devise other means of identifying damages awarded for personal injury. Nor are we aware of any public policy that would justify creating a presumption that all damages in personal injury cases are eligible for prejudgment interest and then requiring defendants to rebut that presumption.

We therefore hold that, consistent with the general rule of Evidence Code section 500, plaintiff has the burden of proving what portion of her award was "damages for personal injury" and thus was eligible for prejudgment interest under section 3291.

We disagree, however, with the Court of Appeal's conclusion that plaintiff has tried but failed to carry that burden; in our view, she never had an opportunity to carry it. The trial court ruled that plaintiff's motion for prejudgment interest was barred on procedural grounds without reaching the question of what portion of the award represented damages for personal injury. Rather than remanding for such a determination, the Court of Appeal itself denied plaintiff's motion because the motion claimed interest on damages that were not for personal injury.

The Court of Appeal should instead have remanded the matter to the trial court to give plaintiff an opportunity—in effect, her first—to prove which damages were assessed for personal injury. As a general rule, this kind of factual determination lies in the province of the trial court. (See *Stallman* v. *Bell* (1991) 235 Cal.App.3d 740, 751 [286 Cal.Rptr. 755] [remanding "for the trial court to determine the amount of prejudgment interest due appellants"]; *Morin, supra*, 195 Cal.App.3d at p. 212 [remanding "to determine the portion, if any, of the verdict attributable to personal injury claims and [to] award prejudgment interest accordingly"].) Such a determination requires an inquiry that the trial court, already familiar with the facts and issues of the case, is ordinarily better able to make.

This is especially true when, as here, the special verdict does not explicitly identify which damages are for personal injury. Although we encourage the use of special verdicts or jury findings as "the most direct and effective means of establishing the fact and amount of personal injury recovery" (*Morin, supra*, 195 Cal.App.3d at p. 211), special findings "are not necessarily the sole means to determine whether the jury awarded . . . damages

for personal injuries and, if such damages were awarded, their amount. Facts and circumstances peculiar to [the] case, possibly including such considerations as the parties' theories of the case, uncontroverted evidence or jury instructions, may permit determination of the fact and amount of personal injury recovery." (*Ibid.*) In such a case, the trial court is usually better equipped than an appellate court to determine from the relevant facts and circumstances which portion of the judgment is eligible for prejudgment interest.

Here, the special verdict attributed $5,000 in compensatory damages to the collision, $15,000 in compensatory damages to the truck driver's failure to provide plaintiff with his true identity and accurate insurance information, and $80,000 to punitive damages. As will appear, section 3291 interest is available on compensatory, but not punitive, damages. On remand, plaintiff will be entitled to interest on the portion of the $20,000 in compensatory damages that she proves was for personal injury.[12]

## B. *Punitive Damages*

 Defendant contends for the first time that plaintiff should not receive prejudgment interest on the $80,000 in punitive damages awarded to her under Civil Code section 3294. Although no party raised this question at any previous stage of the proceedings, we deem its resolution appropriate because it is integrally related to the principal issues on review and will provide guidance on remand. (See Code Civ. Proc., § 906.)

 ██ ██ We expressly reserved this question in *Gourley, supra,* 53 Cal.3d at page 126, footnote 3. We now hold that section 3291 does not authorize the award of prejudgment interest on punitive damages in personal injury cases.[13]

 In arguing to the contrary, plaintiff cites *Greenfield* v. *Spectrum Investment Corp.* (1985) 174 Cal.App.3d 111, 124-125 [219 Cal.Rptr. 805]

[12]We note that defendant mistakenly characterizes as "dictum" the Court of Appeal's holding that a prayer for prejudgment interest in the complaint is not a prerequisite to recovery of such interest under section 3291. The Court of Appeal necessarily decided this issue before reaching the issue of the nature of the award.

[13]Defendant further argues that when the $80,000 in punitive damages is subtracted from the total award of $100,000, plaintiff's personal injury award totals at most $20,000; that this was well below her offer to compromise for $89,000 and so did not constitute a "more favorable judgment" in the meaning of section 3291; and, therefore, that she cannot receive prejudgment interest even on the damages she proves are for personal injury.

We disagree. Section 3291 provides for prejudgment interest when a personal injury plaintiff obtains a "more favorable judgment" than the plaintiff's offer to compromise under Code of Civil Procedure section 998. Although the word "judgment" used later in section 3291 must bear a narrower meaning to avoid conflict with legislative intent and the meaning of the statute as a whole (see *ante,* pp. 658-659), here there is no such conflict. The plain

(hereafter *Greenfield*), and cases following it (e.g., *Morin*, *supra*, 195 Cal.App.3d at p. 207; *Bihun* v. *AT&T Information Systems, Inc.*, *supra*, 13 Cal.App.4th at p. 1005). The reasoning of *Greenfield* rests on the language of the second paragraph of section 3291 providing that "the *judgment* shall bear interest" (italics added), and concludes that because "[t]here is only one judgment[,] . . . both compensatory and punitive damages are encompassed therein . . . ." (174 Cal.App.3d at p. 125.) As we have already seen, however, this language is not dispositive. The operative language of the first paragraph of section 3291 restricts the availability of prejudgment interest to "damages for personal injury."

The question then becomes whether punitive damages are "damages for personal injury." (§ 3291.) The statute itself is silent on this point. During the enactment process, "the Legislature rejected several proposed amendments expressly providing that prejudgment interest would not accrue to that portion of the judgment representing punitive damages. [Citation.]" (*Gourley*, *supra*, 53 Cal.3d at p. 126.) The Legislature's rejection of the proposed amendments, however, is not conclusive of legislative intent regarding the availability of prejudgment interest on punitive damages. (See *id.*, fn. 3.)

We turn to the legislative intent of section 3291 as a whole. As noted above, section 3291 was intended to encourage settlements in personal injury cases. (*Gourley*, *supra*, 53 Cal.3d at p. 126.) Any connection there might be between the availability of prejudgment interest on punitive damages and the statutory purpose of providing an incentive to settle is too attenuated and speculative to be dispositive.

Prejudgment interest has an additional purpose, however. The basic provision governing prejudgment interest is Civil Code section 3287, subdivision (a) of which provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ." For more than a century it has been settled that one purpose of section 3287, and of prejudgment interest in general, is to provide just compensation to the injured party for loss of use of the award during the prejudgment period—in other words, to make the plaintiff whole as of the date of the injury. (See, e.g., *Cox* v. *McLaughlin* (1888) 76 Cal. 60, 68-69 [18 P. 100]; *Gourley*, *supra*, 53 Cal.3d at p. 132

---

language of section 3291 provides for a simple comparison in personal injury cases between the judgment and the offer to compromise; if the judgment is "more favorable," the plaintiff is eligible for prejudgment interest on the damages attributable to personal injury. We see no sign the Legislature intended the judgment and the offer to compromise to be apportioned between personal injury damages and other kinds of damages.

(dis. opn. of Broussard, J.).) In enacting section 3291, the Legislature provided a means of compensating personal injury plaintiffs for loss of use of money during the prejudgment period.[14]

This end would not be served by awarding prejudgment interest on punitive damages. Punitive damages are awarded "for the sake of example and by way of punishing the defendant." (Civ. Code, § 3294, subd. (a).) By definition they are not intended to make the plaintiff whole by compensating for a loss suffered. (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) To award prejudgment interest on punitive damages arising from personal injury actions would therefore give a windfall to the plaintiffs in those actions.

We are not persuaded that the Legislature intended such a result. Had the Legislature meant section 3291 to authorize prejudgment interest on punitive damages, it could easily have used explicit language to that effect. Instead, it limited prejudgment interest to "damages for personal injury." (*Ibid.*) Punitive damages are not damages "for" personal injury in the sense of compensating plaintiffs for their injuries, even though they may arise from a personal injury cause of action.

We therefore conclude that section 3291 does not authorize the award of prejudgment interest on punitive damages. We disapprove the contrary holding in *Greenfield* v. *Spectrum Investment Corp.*, *supra*, 174 Cal.App.3d at pages 124-125, as well as in *Bihun* v. *AT&T Information Systems, Inc.*, *supra*, 13 Cal.App.4th at pages 1005-1006, and in *Morin*, *supra*, 195 Cal.App.3d at page 207, to the extent they conclude that prejudgment interest may be calculated on an award of punitive damages. Here, plaintiff may not recover prejudgment interest on her $80,000 punitive damages award.

## DISPOSITION

For the reasons stated the judgment of the Court of Appeal is reversed with directions to address the merits of the attorney fees issue and thereafter

---

[14]Other states that award prejudgment interest recognize its compensatory purpose. (See, e.g., *City and Borough of Juneau* v. *Comm'l U. Ins. Co.* (Alaska 1979) 598 P.2d 957, 959 ["The purpose of prejudgment interest is to place an injured plaintiff in the same position as if he had been compensated immediately for his loss."]; *Heid* v. *Destefano* (1978) 41 Colo.App. 436 [586 P.2d 246, 247] [the purpose of prejudgment interest is "to compensate a successful plaintiff for the loss of the use of the money to which he has been entitled"]; *Old Orchard by the Bay* v. *Hamilton Mut.* (1990) 434 Mich. 244 [454 N.W.2d 73, 76] [the purpose of prejudgment interest is to compensate "the prevailing party for loss of the use of the funds awarded," as well as to offset any "costs of bringing a court action" and "to provide an incentive for prompt settlement"]; *Buckhannon-Upshur Cty. Airport* v. *R&R Coal* (1991) 186 W.Va. 583 [413 S.E.2d 404, 408] [prejudgment interest is "intended to make an injured plaintiff whole as far as loss of use of funds is concerned"].)

to reverse for further proceedings the order of the trial court on the prejudgment interest issue.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.