Filed 12/23/14  Sekel v. Pearson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JEFF SEKEL, | |
| Plaintiff and Appellant, | E057052, E057505 |
| v. | (Super.Ct.Nos. INC10005402 & INC10005404) |
| LAQUETTA PEARSON, | |
| Defendant and Respondent. | OPINION |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.

Dismissed as to case No. E057505, affirmed as to case No. E057052.

Jeff Sekel, in pro. per. for Plaintiff and Appellant.

Laquetta Pearson, in pro. per. for Defendant and Respondent.

On June 21, 2010, plaintiff and appellant Jeff Sekel filed in propria persona two separate complaints against defendant and respondent Laquetta Pearson, alleging various causes of action arising out of her legal representation of him in proceedings in the State of Georgia in 2006.  On defendant's motion, the trial court dismissed both complaints, finding it lacked personal jurisdiction over defendant.  Plaintiff contends on appeal that

defendant had made a general appearance in the action in the process of requesting the dismissals. For the reasons discussed below, plaintiff is incorrect.

On July 28, 2014, we ordered appellate case Nos. E057052 and E057505 consolidated for purposes of oral argument and decision. Case No. E057052 includes plaintiff's appeals of the trial court's August 2, 2012, orders dismissing each action, which constitute the two relevant final and appealable judgments. Case No. E057505 regards plaintiff's appeal of an order signed by the trial court on September 28, 2012, reiterating that the court lacked personal jurisdiction over defendant.[1]

In case No. E057505, plaintiff purports to appeal from a nonappealable postjudgment order, so that appeal will be dismissed on that basis. Nevertheless, the gravamen of plaintiff's contentions in both appeals is that exercise of personal jurisdiction over defendant was proper, and his complaints should not have been dismissed. Plaintiff's notices of appeal filed in case No. E057052 were timely appeals from the final judgments in both cases, allowing us to reach the merits of his arguments. On the merits, however, plaintiff fails to demonstrate any error. The trial court's August 2, 2012, orders dismissing plaintiff's complaints will be affirmed.

---

[1] Case number E057505 has already been dismissed with respect to another order—incorrectly entitled "Order on Motion to Quash Service of Summons," but in substance granting a motion to vacate entry of default—also signed by the trial court on September 28, 2012.

2

## I.  FACTS AND PROCEDURAL BACKGROUND

According to plaintiff's allegations,[2] he retained defendant in July 2006 to represent him in a civil hearing in Superior Court of Georgia, County of Fulton, to oppose issuance of a restraining order against him.  At the time, plaintiff was a resident of Georgia.  Defendant contends, and plaintiff has not disputed, that she was and is a resident of Georgia, licensed to practice law in Georgia (and not California).

The Georgia court issued a restraining order against plaintiff.  Defendant did not file an appeal of that ruling on plaintiff's behalf.  According to defendant, she declined to do so because plaintiff failed to pay the balance of attorney fees owed, and stopped payment on a check for her initial retainer.

On June 21, 2010, plaintiff filed two complaints against defendant in California Superior Court, County of Riverside—one on a form complaint for actions in contract, the other on a form complaint for personal injury, property action, or wrongful death.[3]  In Case 5402, plaintiff sought $7,000,000 in damages; in Case 5404, he sought only $4,000,000.  But the two complaints are based on substantially the same allegations:

---

[2] A complete copy of the complaint and its attachments for Superior Court case No. 10005404 (Case 5404) does not appear in our record, even after the grant of plaintiff's motion to augment the record.  Our recitation here of plaintiff's allegations is taken, except where otherwise noted, from the complaint in Superior Court case No. 10005402 (Case 5402), which appears in Volume 1 of plaintiff's augmentation to the record filed in case No. E057052."}  We do not attempt an exhaustive account of the proceedings below, limiting our discussion only to those matters necessary to the disposition of these appeals.

[3] During a colloquy with the trial court about the relationship between the two cases, plaintiff stated: "I will tell you, the day I filed the Complaint back in June, I thought it was one Complaint, but the clerk told me it was two.  I went, 'Oh, okay.'"

3

Plaintiff contends that *he* was stalked and physically attacked by the individual who had sought a restraining order against him, which eventually forced plaintiff to move to California in 2007 out of fear for his safety and that of his partner and pets, and damaged him in a myriad of ways; he seeks to hold defendant responsible for those injuries, which he contends are a "proximate result" of defendant's failure to file an appeal of the issuance of a restraining order against him in Georgia.

After purporting to serve defendant with the summonses and complaints—defendant contended that she never was served properly, and the trial court later indicated that it was inclined to agree—plaintiff applied for entry of default in both cases. Thereafter, defendant filed in pro. per. various documents in both cases, including seeking relief from default, consolidation of the two cases, and dismissal of the complaints. None of these documents was styled as a motion to quash pursuant to Code of Civil Procedure section 418.10. Nevertheless, as the trial court would later note in oral argument, defendant explicitly challenged the exercise of personal jurisdiction over her in her initial filings in each case.

In separate oral arguments held on March 9, 2011, and December 2, 2011, the trial court indicated its inclination to treat defendant's filings as motions to quash, found no appropriate basis for exercise of personal jurisdiction over defendant, and ruled that both of plaintiff's complaints should be dismissed on that basis. Signed, written orders to that effect, however, were not entered until August 2, 2012, in either case. On August 29, 2012, plaintiff filed notices of appeal from the August 2, 2012, orders, both of which come before us in case No. E057052.

4

For reasons that do not appear in our record, on September 28, 2012, the trial court signed several additional, apparently erroneous orders. One of these orders is incorrectly entitled "Order on Motion to Quash Service of Summons"; in substance, it purports to grant a motion to vacate entry of default in Case 5404. The other purports to again quash the service of summons in Case 5402, which had already been dismissed on August 2, 2012. On November 8, 2012, plaintiff filed a new appeal, case No. E057505, based on the court's September 28, 2012, orders.

On December 19, 2012, we ordered case No. E057505 dismissed with respect to the "Order on Motion to Quash Service of Summons" in Case 5404. Our order permits the appeal to proceed with respect to the order quashing service of summons filed September 28, 2012, in Case 5402.

## II. DISCUSSION

### A. The Order Appealed From in Case No. E057505 Is Not Appealable.

As noted, in case No. E057505, appellant purports to appeal from an order entered September 28, 2012, which on its face is an order quashing the service of summons in Case 5402. But a final and appealable judgment had previously been entered in that action on August 2, 2012: the court's signed, written order of that date dismissed the entirety of plaintiff's complaint for lack of personal jurisdiction. (*Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755 ["we may consider orders a final judgment for purposes of appeal when . . . they have all the earmarks of a final judgment"].)

An appeal may normally be taken from an order granting a motion to quash service of summons. (Code Civ. Proc., § 904.1, subd. (a)(3).) We doubt this rule applies,

5

however, where such an order is filed after a final and appealable judgment. In most cases, such an order is *itself* a final and appealable judgment, in the sense that it terminates the litigation. (See *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [judgment is final "'"when it terminates the litigation between the parties on the merits of the case"'"].) Not so in the circumstances of this case. Here, the court's September 28, 2012, order is perhaps most accurately treated as an accidental duplicate, and thus a nullity. At most, however, it is a nonappealable postjudgment order, because it does not involve any issues different from those addressed in the underlying judgment, and does not "affect" or "relate to" the underlying judgment by enforcing it or staying its execution. (See *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652.)

We conclude that the September 28, 2012, order appealed from in case No. E057505 is not an appealable order. On that basis, case No. E057505 will be dismissed.

**B. Plaintiff's Complaints Were Properly Dismissed for Lack of Personal Jurisdiction.**

Plaintiff contends that defendant made a general appearance in both superior court actions, by virtue of her filings in both actions. She did not. Nor has plaintiff demonstrated that exercise of personal jurisdiction over defendant is appropriate for any other reason. We therefore affirm the trial court's orders dismissing both cases for lack of personal jurisdiction.

"If the material facts are undisputed, as here, we independently review the determination of personal jurisdiction." (*People ex rel. Harris v. Native Wholesale*

6

*Supply Co.* (2011) 196 Cal.App.4th 357, 362.) California courts may exercise personal jurisdiction over nonresident defendants who make a general appearance in the action. (Code Civ. Proc. § 410.50, subd. (a).) A general appearance is participation in the action "in some manner which recognizes the authority of the court to proceed." (*Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 844.) "The appearance will be considered 'general' in nature if the defendant acts in a manner 'showing of a "purpose of obtaining any ruling or order of the court going to the merits of the case."'" (*California Overseas Bank v. French American Banking Corp.* (1984) 154 Cal.App.3d 179, 184.)

Defendant's filings demonstrate a lack of understanding of California civil procedure, and in particular, the proper procedure for raising a challenge to exercise of personal jurisdiction. Nevertheless, though she never filed a motion entitled "Motion to Quash," the trial court correctly observed that with her initial filings in each case—and indeed virtually every filing—defendant explicitly challenged whether exercise of personal jurisdiction over her was appropriate. At no point did defendant seek relief from the court showing any purpose of obtaining any ruling or order of the court going to the merits of the case. Her requests to set aside entry of default explicitly object to exercise of personal jurisdiction over her, among other things; so too do her motions to consolidate, motions to dismiss, and "special limited answers" to plaintiff's complaints.

In short, we find nothing in the record indicating that defendant ever consented to exercise of jurisdiction over her, or took any actions that in some manner recognized the authority of the court to proceed. As such, she made no general appearance in the action.

Nor has plaintiff demonstrated that exercise of personal jurisdiction over defendant is appropriate on any other basis. The trial court properly dismissed the actions for lack of personal jurisdiction.**4**

### III. DISPOSITION

Case No. E057505 is dismissed. The orders appealed from in case No. E057052 are affirmed. Defendant shall recover costs incurred on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

MILLER
J.

---

**4** Plaintiff's voluminous briefing raises various other miscellaneous arguments, not addressed explicitly in this opinion. "[T]o demonstrate error, an appellant must supply the reviewing court with some *cogent* argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287 (italics added).) We have addressed above those arguments for which plaintiff has provided some minimally cogent argument, supported by legal analysis and citation to the record. Plaintiff's remaining arguments, which fail to meet even this low standard, are summarily rejected.