**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMI MITRI, | No. 14-17580 |
| Plaintiff - Appellee, | D.C. No. 1:10-cv-00538-AWI-SKO |
| v. | |
| WALGREEN CO., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted August 5, 2016
San Francisco, California

Before: THOMAS, Chief Judge, McKEOWN, Circuit Judge and KENDALL,[**] District Judge.

Walgreen Co. ("Walgreens") appeals from the district court's denial of

Walgreens' renewed motion for judgment as a matter of law, challenging both the

sufficiency of the evidence to uphold, and the constitutionality of, the jury's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

punitive damages award. We review *de novo* the denial of a renewed motion for judgment as a matter of law and whether a punitive damages award comports with due process. *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 770, 775 (9th Cir. 2005). "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand.

I

Viewing the evidence in the light most favorable to the plaintiff, there was sufficient evidence for the jury to conclude that a managing corporate agent ratified the wrongful employee conduct. *See StreetScenes LLC v. ITC Entm't Grp., Inc.*, 103 Cal. App. 4th 233, 242 (Cal. Ct. App. 2002) (stating that ratification may be established by circumstantial evidence); *see also* Cal. Civ. Code § 3294(b) (limiting employer liability for punitive damages to cases where a managing agent "authorized or ratified" an employee's oppressive, fraudulent, or malicious conduct). There was evidence that Walgreens employees approached the managing agent and sought his approval before terminating Mitri. *Greenfield v. Spectrum Inv. Corp.*, 174 Cal. App. 3d 111, 119 (Cal. Ct. App. 1985), *overruled in*

2

*part on other grounds by Lakin v. Watkins Associated Indus.*, 863 P.2d 179 (Cal. 1993). There was evidence that the managing agent was aware that Mitri began experiencing adverse employment actions, eventually resulting in his termination, immediately after Mitri first reported potential billing fraud. *See Bell v. Clackamas Cty.*, 341 F.3d 858, 865 (9th Cir. 2003) ("Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases."). The managing agent was involved in termination discussions. Thus, with the evidence viewed in the light most favorable to Mitri, there was sufficient evidence to support a finding of ratification.

## II

The jury awarded Mitri $88,000 in economic damages and $1.155 million in punitive damages, an approximately 13 to 1 damages ratio. Three "guideposts" inform our analysis of the constitutionality of that punitive damages award: (1) the degree of reprehensibility, (2) the disparity between the harm suffered and the punitive damages award, and (3) the difference between the punitive damages award and comparable authorized civil penalties. *BMW of N. Am. v. Gore*, 517 U.S. 559, 574–75 (1996).

Walgreens' conduct was of low to intermediate reprehensibility. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (listing five factors that inform reprehensibility analysis). There was no evidence that Walgreens evinced indifference to the health or safety of others or engaged in a pattern of wrongful terminations. *Id.* There was no evidence of physical harm. The jury did not award any emotional distress damages. However, the jury concluded that Walgreens had wrongfully terminated Mitri in retaliation for reporting potential Medicare fraud and arguably placed him in a financially vulnerable position. *Planned Parenthood v. Am. Coal. of Life Activists*, 422 F.3d 949, 958–59 (9th Cir. 2005) (reasoning that physicians were financially vulnerable because their "livelihoods depended upon their practices").

The disparity between the degree of harm and the level of punitive damages is substantial. The 13 to 1 damages ratio is thus excessive. If, as in this case, there are significant economic damages and the behavior is not highly reprehensible, then "a ratio of up to 4 to 1 serves as a good proxy for the limits of constitutionality." *Planned Parenthood*, 422 F.3d at 962; *see also Bains*, 405 F.3d at 776 (concluding that economic damages of $50,000 were "substantial").

In California, the maximum comparable civil penalty is $10,000 per violation. Cal. Labor Code § 1102.5(f) (retaliation for reporting noncompliance

4

with law). A $10,000 sanction indicates that California "believe[s] that substantial sanctions [are] appropriate to deter" unlawful retaliation against whistleblowers. *Planned Parenthood*, 422 F.3d at 963. Nonetheless, the $1.155 million punitive damages award is significantly greater than the authorized $10,000 civil penalty. *See State Farm*, 538 U.S. at 428 (concluding that $145 million punitive damages award "dwarfed" comparable civil penalties of $10,000).

In sum, the three guideposts suggest that the punitive damages award in this case is excessive. A single-digit ratio between punitive and compensatory damages would, however, comport with due process. Because the district court has already reviewed the constitutionality of the punitive damages award, we remit the award rather than remanding for the district court to do so. *Planned Parenthood*, 422 F.3d at 963. Consistent with the guidance of *Planned Parenthood*, we conclude that, given the substantial compensatory damages, the low to intermediate reprehensibility of conduct, and California's interest in deterring wrongful terminations, a 4 to 1 damages ratio comports with due process. We therefore remit the punitive damages award to $352,000, and remand for the district court to order a new trial if Mitri declines to accepts this Court's remittitur.

Each party shall bear its own costs.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

5