[No. G034444. Fourth Dist., Div. Three. June 14, 2005.]

DONALD R. RODEN, Plaintiff and Respondent, v.
AMERISOURCEBERGEN CORPORATION, Defendant and Appellant.

[No. G034486. Fourth Dist., Div. Three. June 14, 2005.]

AMERISOURCEBERGEN CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DONALD R. RODEN, Real Party in Interest.

---

---

**COUNSEL**

O'Melveny & Myers, George A. Riley, David E. Gordon, Adam J. Karr, Christopher W. Decker and Larry A. Walraven for Defendant and Appellant and for Petitioner.

Richard E. Hodge, Inc., Richard E. Hodge and William E. Johnson for Plaintiff and Respondent and for Real Party in Interest.

No appearance for Respondent Superior Court.

---

**OPINION**

**MOORE, J.**—This is the second time these parties have paid us a visit. The last time, we affirmed a postjudgment order interpreting a judgment that entitled Donald R. Roden (Roden) to collect cash and employment benefits from his former employer, Bergen Brunswig Corporation. (*Roden v. Bergen Brunswig Corp.* (2003) 107 Cal.App.4th 620, 623, 625 [132 Cal.Rptr.2d 549].) Since the order was affirmed, the parties have continued to squabble. Now, they disagree as to whether the court properly entered an order permitting postjudgment discovery. AmerisourceBergen Corporation, successor in interest to Bergen Brunswig Corporation,[1] appeals from the order, claiming the court erred in permitting the discovery when no money judgment was at issue and no action was pending. It has also filed a writ petition addressing the same issues. The two matters have been consolidated.

 Roden contends that the discovery order is not appealable and that writ review is not appropriate either. We agree. Code of Civil Procedure section 904.1, subdivision (a)(2) notwithstanding, not every postjudgment order is appealable. Moreover, extraordinary relief is supposed to be extraordinary. It is not available as a matter of course just because a particular

---

[1] AmerisourceBergen Corporation, in its appellant's opening brief, informs us that it "succeeded to all the rights and obligations of Bergen Brunswig Corporation . . . in connection with a corporate transaction in August 2001." For the sake of simplicity, we will refer to both AmerisourceBergen Corporation and its predecessor, Bergen Brunswig Corporation, as "Bergen" hereinafter.

postjudgment order is nonappealable. We dismiss the appeal as taken from a nonappealable order and deny the petition for a writ of mandate because Bergen has an adequate remedy at law. We grant Roden's request for attorney fees.

I

FACTS

As discussed in our prior opinion, Bergen hired Roden as its president and chief operating officer in 1995. (*Roden v. Bergen Brunswig Corp., supra,* 107 Cal.App.4th at p. 623.) Roden later became chief executive officer. Bergen terminated Roden's employment in 1999 and a disagreement ensued concerning Roden's rights under his employment contract and the company's benefit plans. Rancorous litigation followed. (*Id.* at pp. 623–625.)

The matter came to this court on the interpretation of a Code of Civil Procedure section 998 settlement agreement that had been reduced to judgment. The judgment required, inter alia, the payment to Roden of $5 million "less legally required deductions," and the continuation of certain benefits as provided in section 5 of Roden's employment contract. (*Roden v. Bergen Brunswig Corp., supra,* 107 Cal.App.4th at p. 625.) We affirmed the postjudgment order at issue. (*Id.* at p. 623.) In doing so, we stated, "Bergen agreed to pay a $5 million lump sum to get rid of the litigation, and to continue the section 5 employment benefits, including retirement benefits." (*Id.* at p. 633.)

Thereafter, Roden sought to collect the amounts due him under the judgment. However, the parties disagreed as to the amount of the employment benefits to which he was entitled. Roden served Bergen with a postjudgment request for production of documents. He demanded, inter alia, the production of documents pertaining to Bergen's Supplemental Executive Retirement Plan (SERP) and to the manner of calculation of his benefits thereunder. Bergen objected to the demand. Roden then filed a motion to compel. The court granted the motion, stating that there was clearly a money judgment and that the court had retained jurisdiction in order to determine the amount of benefits payable.

Bergen thereafter filed both an appeal from that order and a petition for a writ of mandate directing the trial court to vacate its order and enter a new and different order denying Roden's motion to compel. We ordered the consolidation of the two cases.

II

DISCUSSION

A. *Introduction*

Bergen contends that neither Code of Civil Procedure section 708.030 nor Code of Civil Procedure section 2017 provided the court with authority to grant the motion to compel discovery. Roden disagrees with this contention. In addition, he argues that the appeal should be dismissed as taken from a nonappealable order and that there is no basis for this court to entertain a writ petition. For reasons we shall show, we agree with Roden. The issues pertaining to the appealability of the postjudgment order and the availability of extraordinary relief are dispositive. Therefore, despite Bergen's urging, we need not address the application of Code of Civil Procedure sections 708.030 and 2017.

B. *Appealability*

Roden says that the order granting the motion to compel is not an appealable order and that the appeal should be dismissed. He points out that Code of Civil Procedure section 904.1 enumerates those orders which are appealable. As he notes, an order compelling discovery is not among them. (Code Civ. Proc., § 904.1.) Bergen, however, asserts that the order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2) as a postjudgment order.

■ Roden, of course, disagrees. He says that, Code of Civil Procedure section 904.1, subdivision (a)(2) notwithstanding, not all postjudgment orders are appealable. "As the Supreme Court explained in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 [25 Cal.Rptr.2d 109, 863 P.2d 179], despite the broad language of section 904.1, subdivision (a)(2) (formerly subdivision (b)), 'not every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements.' (*Lakin, supra,* at p. 651, fn. omitted.) The first requirement, which is not at issue here, is 'that the

issues raised by the appeal from the order must be different from those arising from an appeal from the judgment.' (*Ibid.*) The second is that ' "the order must either affect the judgment or relate to it by enforcing it or staying its execution." [Citation.]' (*Id.* at pp. 651–652.)" (*Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1343 [115 Cal.Rptr.2d 82].)

According to Roden, the second requirement is not met in this case. That is to say, Roden contends the order granting the motion to compel does not enforce or stay the execution of the judgment. We agree.

■ "*Lakin* enunciated a standard for determining whether a postjudgment order affects the judgment or relates to its enforcement so as to make it appealable. The Supreme Court noted the postjudgment orders it previously held to be nonappealable, fall into two main categories: (1) 'orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal'; and (2) 'orders [that] pertain[] to the preparation of a record for use in a future appeal.' (*Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th at pp. 652–653.) On the other hand, postjudgment orders 'making a final determination of rights or obligations of parties' are appealable even though they do not necessarily add to or subtract from the judgment. (*Id.* at p. 653.)" (*Shelton v. Rancho Mortgage & Investment Corp., supra,* 94 Cal.App.4th at p. 1344.)

Here, the order granting the motion to compel makes no final determination of the rights or obligations of the parties. Rather, it is preparatory to a later ruling. As we shall show, neither the judgment nor the postjudgment order that was the subject of the preceding appeal resolved all of the issues pertaining to Roden's employment benefits. .

In the judgment filed July 27, 2000, the court awarded Roden the "[c]ontinuation of the benefits provided in Sections 5(d), (e) and (i) of [Roden's] employment contract." The June 7, 2001 order implementing the judgment, which order was the subject of the preceding appeal, contained numerous provisions pertaining to the employment benefits. It stated: "The 'continuation of the benefits' under the various benefits and programs provided in Sections 5(d), (e) and (i) of the Employment Contract, set forth in [¶] 2 of the Judgment, had and has the effect of treating Roden as if he continued as an executive employee of Bergen for the balance of his contract term with respect to those benefits." The order further stated: "SERP provisions for

double benefits, attorneys' fees and costs: Roden, though terminated, is being treated as if he were employed through November 30, 2002. The provisions for attorneys' fees and costs and for doubling of benefits do not apply at this time. Should Bergen refuse to provide the SERP benefits after an election and demand by Roden after November 30, 2002, these provisions may well apply. Any ruling on future conduct will have to await the occurrence of future events."

In addition, the order said: "Other benefits under Sections 5(d), (e) and (i) of employment contract: The approach taken by the Court in this Order should enable the parties to work out any additional benefits that become available under Sections 5(d), (e) and (i) of the employment contract during the balance of the term. None are quantified by the evidence presented to date." (Underscoring omitted.) In conclusion, the order provided: "This is a final Order as to the matters resolved above, and thus an appealable Order on the date entered. New matters arising hereafter may be brought as a separate proceeding. [¶] The Court retains jurisdiction as to all such future matters of interpretation or enforcement of the Judgment, including specifically the matters left unresolved in this Order."

It is clear that the court, while interpreting the judgment to include the payment of continued employment benefits to Roden, including SERP benefits, did not quantify all of those benefits. Rather, it retained jurisdiction in order to entertain and resolve remaining benefits issues at a future time. The court showed exquisite foresight in this regard. Roden and Bergen, at odds with each other throughout the proceedings, were unable to agree on the benefits to be paid pursuant to the judgment. Roden sought discovery to unveil the amount of benefits owing to him. That information yet to be obtained, no postjudgment order adjudicating the amount of benefits owing has been entered. The discovery is a prelude to such an order. Once such an order is entered, an appeal from that order may encompass an appeal from the discovery order as well.

The discovery order in this case, "although following an earlier judgment, [is] more accurately understood as being preliminary to a later judgment, at which time [it] will become ripe for appeal." (*Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th at p. 652.) Bergen disagrees with this conclusion. It insists that there is no matter pending before the trial court in relation to which the discovery order could be construed as preliminary. It emphasizes

that whether Roden, at some future time, may file a motion to enforce the judgment is entirely speculative and cannot be taken into consideration at this time. We are not convinced.

Bergen, in a complaint it filed in federal court,[2] stated that the SERP administrator had awarded Roden $1,898,066 in benefits, but that Roden was claiming an entitlement to more than $58 million. It would appear that the parties have a monumental disagreement as to the SERP benefits to be paid pursuant to the judgment and postjudgment order. The postjudgment order clearly anticipated further proceedings for the quantification of benefits. The discovery order is preliminary to those proceedings and is not an appealable order.

## C. Availability of Writ Relief

Bergen maintains that if the order is not appealable, this court should grant the petition for a writ of mandate. Roden disagrees, contending there is no compelling reason for this court to review the matter in a writ proceeding. We agree with Roden.

■ "In order to confine the use of mandamus to its proper office, the Supreme Court, in various cases, has stated general criteria for determining the propriety of an extraordinary writ: (1) the issue tendered in the writ petition is of widespread interest [citation] or presents a significant and novel constitutional issue [citation]; (2) the trial court's order deprived petitioner of an opportunity to present a substantial portion of his cause of action [citation]; (3) conflicting trial court interpretations of the law require a resolution of the conflict [citation]; (4) the trial court's order is both clearly erroneous as a matter of law and substantially prejudices petitioner's case [citations]; (5) the party seeking the writ lacks an adequate means, such as a direct appeal, by which to attain relief [citation]; and (6) the petitioner will suffer harm or prejudice in a manner that cannot be corrected on appeal [citations]." (*Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273–1274 [258 Cal.Rptr. 66] (*Omaha*).)

Bergen argues that several of the *Omaha* criteria are met in this case. (*Omaha, supra,* 209 Cal.App.3d at pp. 1273–1274.) It emphasizes the fourth

---

[2] Bergen filed a federal court action seeking declaratory relief concerning the amount of SERP benefits to which Roden was entitled. (*AmerisourceBergen Corp. v. Roden* (C.D.Cal. Feb. 1, 2005, SA CV 04-1061 AHS).) The federal court dismissed the case on Roden's motion.

criterion and asserts that the court committed clear error in granting Roden's motion to compel discovery. Bergen cites *State Farm etc. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13] for the familiar proposition that "[m]andate lies to control judicial discretion when that discretion has been abused. [Citations.]" Bergen insists that the trial court abused its discretion in permitting postjudgment discovery when there was no money judgment at issue and no matter pending before the court.

Bergen claims that it made the $5 million lump sum payment required under the judgment. It also says that it paid Roden the $1,898,066 in retirement benefits that the SERP administrator said was owing to him. Thus, Bergen concludes that there was no unsatisfied money judgment within the meaning of Code of Civil Procedure section 708.030. However, Bergen cites no portion of the record supporting the assertion that the payments have indeed been made, and it acknowledges that the amounts due are in dispute. We cannot say that the court exceeded the bounds of reason in construing the judgment before it as a money judgment. Therefore, we do not conclude that the court abused its discretion in granting Roden's motion. (See *Tudor Ranches, Inc. v. State Comp. Ins. Fund.* (1998) 65 Cal.App.4th 1422, 1431 [77 Cal.Rptr.2d 574] [the trial court abuses its discretion when it exceeds the bounds of reason].)

Bergen insists that we should provide a more in-depth analysis of the money judgment issue, and ties its argument into the first of the *Omaha* criteria. (*Omaha, supra,* 209 Cal.App.3d at pp. 1273–1274.) That is to say, Bergen asserts that there is widespread interest in the definition of a "money judgment" that gives rise to a right to postjudgment discovery under Code of Civil Procedure section 708.030.[3] Bergen invites this court to provide the legal community with guidance on this point. However, despite Bergen's urgings, we do not see the need to expound upon the nature of money judgments and the array of postjudgment proceedings applicable to them.

As we have already stated, Bergen has not shown us that the judgment has been satisfied. Moreover, in evaluating Bergen's request, we consider the peculiar facts of this case. The parties were repeatedly in and out of court

---

[3] Code of Civil Procedure section 708.030, subdivision (a), provides: "The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made in the manner provided in Section 2031, if the demand requests information to aid in enforcement of the money judgment. The judgment debtor shall respond and comply with the demand in the manner and within the time provided by Section 2031."

before ever arriving on our doorstep the first time. (*Roden v. Bergen Brunswig Corp., supra,* 107 Cal.App.4th at pp. 629–633.) The trial court realized when it entered judgment that the terms of the judgment were too few. (*Id.* at p. 630.) It also realized when it entered its order interpreting the judgment that the battles had hardly begun and that the SERP benefits had yet to be quantified. It specifically reserved jurisdiction to address the quantification of those benefits at a future time. Further proceedings were clearly contemplated. This is not a case where the litigation ended when the judgment was entered. We decline Bergen's invitation to use this case as an opportunity to provide general rules on the definition of a money judgment and on the availability of postjudgment discovery.

Where the availability of postjudgment discovery is concerned, Bergen adds a layer of complexity to the issue which is not found in most cases. Bergen maintains that federal laws apply, and it implies there is a second ground on which the court committed error as a matter of law. In its petition for a writ of mandate, Bergen states that review of Roden's entitlement to SERP benefits "is only available under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* [ERISA] [citation] . . . ." Based on that assumption, Bergen argues that it should not be subject to discovery in state court because it is entitled to have the benefits issue determined in federal court and any discovery should take place in that forum. We observe that Bergen provides minimal citation to authority in support of its position and no discussion of that authority. However, we need not undertake a review of the impact of ERISA laws on this matter in any event. Suffice it to say, we already have a federal court ruling on the matter. As indicated previously, Bergen's federal court declaratory relief action has already been dismissed, on abstention and other grounds.[4]

Finally, Bergen addresses the fifth of the *Omaha* criteria. (*Omaha, supra,* 209 Cal.App.3d at pp. 1273–1274.) Bergen cautions that, if this court does not order the issuance of a writ of mandate directing the trial court to vacate its order and enter a new and different order denying Roden's motion to compel, then Bergen's only remedy will be to bring an appeal from a final order, should there ever be one. However, Bergen maintains that there may never be any such order from which to appeal, so that it is without an adequate remedy at law. Bergen engages in the kind of speculation against

---

[4] On page 8 of its order granting Roden's motion to dismiss, entered February 1, 2005, the court stated, inter alia: "Congress has expressly provided ERISA beneficiaries with the choice between a state or federal forum in their actions to recover benefits. [Citation.] As such, plaintiff had the opportunity to raise its claims in state court . . . . On balance, it appears that all three elements of [*Younger v. Harris* (1971) 401 U.S. 37 [27 L.Ed.2d 669, 91 S.Ct. 746] abstention are met, and plaintiff's claims should be dismissed." (*AmerisourceBergen Corp. v. Roden, supra,* SA CV 04-1061 AHS.)

which it cautions us. By its own account, the parties have a $56 million disagreement. If they do not resolve the matter amicably, further orders will doubtless result.

D. *Attorney Fees*

Roden requests attorney fees, on two grounds. First, he says, in shorthand fashion, that he is entitled to attorney fees "for the same reason" that this court awarded attorney fees to him the last time we addressed his case. (*Roden v. Bergen Brunswig Corp., supra,* 107 Cal.App.4th at p. 635.) Second, he argues he is entitled to attorney fees as sanctions under Code of Civil Procedure section 907 because Bergen has pursued a frivolous appeal, i.e., an appeal from a nonappealable order.

We need only address Roden's first point. We said in *Roden v. Bergen Brunswig Corp., supra,* 107 Cal.App.4th at page 635, "Subsection 13(d) of the employment agreement states: 'The Company shall pay to the Executive all reasonable attorneys' fees and necessary costs and disbursements incurred by or on behalf of the Executive in connection with or as a result of a dispute under this Agreement, whether or not the Executive ultimately prevails. . . .' Consequently, the judgment entered against Bergen included, in paragraph 3 thereof, an award of reasonable attorney fees and costs. Roden requests attorney fees on appeal, pursuant to paragraph 3. He is entitled to those fees."

Bergen says Roden cannot rely on the quoted provision of our prior opinion because when the parties were before us previously paragraph 3 of the judgment was applicable, whereas it is not applicable now. Bergen explains that the matter before us arises not from the judgment or the order interpreting the same, "but from a discovery order unrelated to any pending proceeding in the case." It further argues that Roden is entitled, if at all, only to reasonable attorney fees and that it was unreasonable for Roden to incur attorney fees in a baseless discovery matter.

It is true that, in the prior appeal, Roden requested attorney fees on the basis of paragraph 3 of the judgment, as supported by subsection 13(d) of the employment agreement. (*Roden v. Bergen Brunswig Corp., supra,* 107 Cal.App.4th at p. 635.) However, subsection 13(d) of the employment agreement supports an award of reasonable attorney fees in this case, even though no interpretation of the judgment is at issue. Roden filed a motion to compel discovery in this ongoing matter on account of a dispute over the amount of the SERP benefits due under the employment agreement. The proceedings are covered by the terms of subsection 13(d) of the employment agreement and Roden is entitled to his reasonable attorney fees incurred in the proceedings before us.

## III

## DISPOSITION

The appeal is dismissed as taken from a nonappealable order. The petition for a writ of mandate is denied. Roden shall recover his attorney fees and costs.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.