Filed 10/7/13  Marriage of Akpati CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Marriage of CHINYE UWECHUE-AKPATI and MICHAEL AKPATI. | B240175<br><br>(Los Angeles County<br>Super. Ct. No. BD394010) |
| CHINYE UWECHUE,<br><br>    Appellant,<br><br>    v.<br><br>MICHAEL AKPATI,<br><br>    Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, David S. Cunningham III, Michael Linfield, and Louis Meisinger, Judges.  Affirmed in part, dismissed in part.

Chinye Uwechue, in pro. per., for Appellant.

Brian M. Moore for Respondent.

\* \* \* \* \* \*

In this legal separation action, appellant Chinye Uwechue appeals pro se the trial court's alleged failure to hear three motions to compel further responses to discovery in 2008 before entering a qualified domestic relations order (QDRO)[1] on October 28, 2008, and the trial court's March 13, 2012 award of sanctions of attorney fees and costs in favor of respondent Michael Akpati in conjunction with a second QDRO entered on the same date. Because appellant's notice of appeal as to the motions to compel is untimely, we dismiss that portion of the appeal. As to the order imposing sanctions, because appellant failed to prepare an adequate record to enable our review, we affirm that order.

## BACKGROUND

Appellant submitted an incomplete record on appeal, so we have gleaned the following facts from the documents she has submitted.

This case began with a petition for legal separation filed on August 19, 2003. Based on a marital settlement agreement, final judgment was entered on April 12, 2006. No appeal was taken from that judgment.

It appears that, between 2006 and 2008, respondent attempted to join into the action several employment benefit and pension plans. Respondent filed a motion on February 7, 2008, which likely was for entry of a QDRO related to the pension and benefit plans. The hearing on the motion was continued at least twice, based on appellant's concerns about withdrawals from the pension plans, and was set for hearing on October 22, 2008. Respondent served discovery requests in August 2008 seeking more information on appellant's allegations, but appellant failed to respond. The case summary reflects the court entered an "Order-- Qualified Dom. Relat (QDRO)" and an "Order--After Hearing" on October 29, 2008 (the 2008 QDRO).

---

[1] A QDRO is defined by the Employee Retirement Income Security Act of 1974, title 29 of the United States Code section 1056(d)(3)(B), as "a domestic relations order," "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant" under a pension plan, provided certain requirements are met.

In the meantime, on September 4, 2008, appellant propounded discovery on respondent related to the pension plan issues. Respondent served responses on September 26, 2008. Unsatisfied with those responses, appellant filed three motions to compel on October 21, 2008, and set the motions for hearing on November 24, 2008. Respondent appears to have responded to the motions and submitted a declaration, and appellant submitted a reply. The case summary indicates the trial court heard and denied the motions on November 24, 2008, and entered an "Order -- After Hearing" on December 11, 2008.

Thereafter on October 29, 2009, appellant received a letter from Boeing in response to a letter she sent in November 2008. Boeing's letter indicated that respondent took out five loans for a total of over $60,000 against his "Voluntary Investment Plan," and repaid $49,651.16 by January 2008. It is not clear from the record whether appellant filed this letter with the trial court at that time. According to the case summary, appellant did not file any motions based on this new information.

Respondent filed a motion on December 14, 2011, apparently to amend the 2008 QDRO. The trial court heard the motion on February 1, 2012. The court entered a notice of ruling on February 2, 2012, and an order on March 13, 2012, which granted the "motion to amend the Rockwell 401(k) Qualified Domestic Relations Order and for attorney fees and costs as sanctions" and awarded sanctions against appellant in the form of attorney fees and costs of $2,500 (the 2012 QDRO and sanctions order).

Appellant filed her notice of appeal on March 27, 2012. She identified two "bases for [the] appeal": (1) the trial court's failure to hear the three motions to compel filed on October 21, 2008, before "den[ying] the motions without any explanation"; and (2) the trial court's "order of February 1, 2012 re respondent's motion seeking costs and attorneys fees." In her designation of record on appeal, she purported to waive preparation of a reporter's transcript for any oral proceedings in the trial court, although she also identified the November 24, 2008, and February 1, 2012 hearings to be included in a reporter's transcript. Notwithstanding, no reporter's transcript was made part of the

3

record.**²** Appellant also listed the documents to include in the clerk's transcript, but did not designate any documents filed by respondent in opposition to the motions to compel; any documents filed by respondent related to the motion filed in December 2011; or any orders issued by the trial court other than the March 13, 2012 order.

On October 22, 2012, the clerk of the superior court notified appellant several documents were missing from her designation of record: the March 13, 2012 order; her January 27, 2012 supplemental declaration; a January 24, 2012 proof of service; points and authorities and a declaration of appellant dated January 20, 2012, in opposition to respondent's motion; a December 29, 2008 notice of lodging documents evidencing withdrawals by respondent; and a November 18, 2008 reply to the opposition to the motion to compel responses to discovery requests. She subsequently lodged with this court a copy of the March 13, 2012 order and attached to her opening brief her January 2012 supplemental declaration and the December 2008 notice of lodging.**³**

## DISCUSSION

### 1. *The Notice of Appeal as to the Motions to Compel Was Untimely*

In essence, appellant argues the trial court failed to hear her motions to compel before entering the 2008 QDRO, and as a result, the court entered the 2008 QDRO and the 2012 QDRO and sanctions order without ensuring respondent had fully disclosed withdrawals and movements of funds in his pension plans. The record reflects the trial

---

**²**    Appellant claims she could not afford to obtain the reporter's transcripts, but she could have filed a motion to use a settled statement in lieu of a transcript based on her inability to pay for the transcript. (Cal. Rules of Court, rule 8.137(a)(2)(C).)

**³**    Appellant attached four documents to her opening brief: (1) her January 2012 supplemental declaration; (2) the October 29, 2009 letter from Boeing to appellant; (3) the December 2008 notice of lodging; and (4) a December 8, 2009 letter from appellant to respondent's attorney. She also attached to her reply brief a May 29, 2008 letter to her from respondent's attorney. Respondent objects to our consideration of these documents, but with the exception of the December 8, 2009 letter, they appear to have been submitted to the trial court. On our own motion we augment the record to include them. (Cal. Rules of Court, rule 8.155(a)(1).) We decline to consider the December 8, 2009 letter because there is no indication it was submitted to the trial court.

court in fact heard her motions to compel on November 24, 2008, and issued an order denying them on December 11, 2008, after entering the 2008 QDRO. Thus, if appellant wanted to appeal either the court's failure to hear the motions prior to issuing the 2008 QDRO or the court's later denial of the motions, the time for her to do so has expired.

A notice of appeal must be filed at the latest within 180 days after entry of the order or judgment appealed. (Cal. Rules of Court, rule 8.104(a)(1)(C), (e).) The entry of the 2008 QDRO was immediately appealable as an order made after the 2006 judgment. (Code Civ. Proc. § 904.1, subd. (a)(2); *In re Marriage of Cooper* (2008) 160 Cal.App.4th 574, 576, fn. 2 (*Marriage of Cooper*).) If appellant wanted to appeal the trial court's failure to hear her pending motions to compel before entering the 2008 QDRO, she had 180 days from the October 29, 2008 entry of the 2008 QDRO to file a notice of appeal. (Code Civ. Proc., § 906 [Court of Appeal may review any intermediate ruling affecting order appealed].) Her notice of appeal filed in March 2012 was therefore untimely.

To the extent appellant challenges the trial court's order denying the motions on the merits, that challenge is also untimely. While an order denying a motion to compel is normally not appealable (see *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432 (*U.S. Swimming*)), technically, that order was entered after both the 2006 judgment and the 2008 QDRO, so it would have conceivably been immediately appealable. (Code Civ. Proc., § 904.1, subd. (a)(2).) Not all postjudgment orders are appealable, however, such as """"orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal."""" (*Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 216; see *In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403.) Here, while the order denying the motions to compel was not "preliminary" to the entry of the 2008 QDRO, it could be understood as ancillary to the 2008 QDRO and reviewable on appeal from the 2008 QDRO. (Code Civ. Proc., § 906; *Roden, supra*, at p. 217.) Still, whether appellant was required to challenge the order denying the motions to compel in a separate appeal or in an appeal from the QDRO, the time to appeal expired long before she filed her March 2012 notice of appeal.

Finally, appellant suggests the 2012 QDRO and sanctions order was invalid because the court failed to grant her motions to compel back in 2008. While her notice of appeal was timely as to the 2012 QDRO and sanctions order (Cal. Rules of Court, rule 8.104(a)(1)(B)), nothing in the record submitted by appellant suggests the motions to compel pertained to that order. Indeed, as discussed below, appellant has failed to submit a sufficient record of the proceedings leading to the 2012 QDRO and sanctions order, so we do not know the grounds for the motion or the court's granting of it. Thus, appellant's challenges to the trial court's adjudication of her motions to compel are untimely and that portion of her appeal must be dismissed.

## 2. *The Record Is Inadequate to Reverse the Sanctions Order*

As for her appeal of the 2012 QDRO and sanctions order,[4] appellant must "present a complete record for appellate review, and in the absence of a required reporter's transcript and other documents, we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; see also *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.) "'A necessary corollary to this rule [is] that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.'" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

Appellant has failed to present an adequate record to demonstrate any error by the trial court in issuing sanctions as part of the 2012 QDRO and sanctions order. The order apparently resolved respondent's December 2011 motion, but appellant failed to include any documents in the record related to that motion or a reporter's transcript of the February 1, 2012 hearing, so we cannot identify the grounds for the motion or for the

---

[4] Although sanctions for less than $5,000 are not immediately appealable (Code Civ. Proc., § 904.1, subd. (b)), the sanctions here are reviewable as part of the 2012 QDRO and sanctions order. (Code Civ. Proc., § 906; *Marriage of Cooper, supra*, 160 Cal.App.4th at p. 576, fn. 2.)

court's order.  Appellant eventually included her January 2012 supplemental declaration as an attachment to her opening brief, but even treating that as properly submitted, it sheds no light on the ruling.  The lack of a record is particularly problematic here because we review the imposition of sanctions for abuse of discretion.  (E.g., *U.S. Swimming, supra*, 200 Cal.App.4th at p. 1435 [sanctions for discovery abuses]; *In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 82 [attorney fees as sanctions under Fam. Code., § 271].)  "The absence of a record concerning what actually occurred [in the trial court] precludes a determination that the court abused its discretion.  [Citations.]  As the party challenging a discretionary ruling, [appellant] had an affirmative obligation to provide an adequate record so that we could assess whether the court abused its discretion.  [Citations.]" (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)  Appellant in this case failed to fulfill her duties to present an adequate record on appeal, so we must affirm the sanctions in the 2012 QDRO and sanctions order.

### DISPOSITION

The appeal is dismissed in part and affirmed in part.  Respondent is awarded costs on appeal.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.


7