Filed 10/6/15  Phelps v. Bishop CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WILLIE PHELPS, | B258582 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BC478175) |
| REGGIE LYN BISHOP, SR., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Steven J. Kleifield and Mark A. Borenstein, Judges.  Affirmed.

Reggie L. Bishop, in pro. per., for Defendant and Appellant.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Plaintiff and Respondent.

This is the third appeal we have considered from defendant and appellant Reggie Lyn Bishop, Sr. in a constructive eviction action brought by his former tenant, plaintiff and respondent Willie Phelps. In Bishop's two prior appeals, we affirmed a jury award of $154,500 in damages to Phelps and the trial court's award of $106,924 in attorney fees. (*Phelps v. Bishop* (May 28, 2015, B252583 & B254891 [nonpub. opn.] (*Phelps I*).) Bishop, in propria persona, now appeals from two post-judgment orders. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, Phelps filed a complaint against Bishop alleging various causes of action related to Bishop's conduct in forcing Phelps to vacate her rent-controlled apartment. (See *Phelps I*, 2015 Cal. App. Unpub. LEXIS 3727 at p. *5.) In November 2013, the jury returned a verdict in favor of Phelps, finding that Bishop constructively evicted Phelps by turning off the gas and water in her apartment. (*Id.* at p. *6.) We affirmed the jury award and the award of attorney fees. (*Id.* at p. *23.)

After judgment was entered in November 2013, Phelps served Bishop with post-judgment written interrogatories (Code Civ. Proc., § 708.020)[1] and a post-judgment demand for inspection of documents (§ 708.030). Phelps subsequently moved to compel responses to the interrogatories and the demand for inspection. In July 2014, Bishop filed a "Notice of Motion for Relief from Discovery Sanctions," asserting that he was not required to produce the information because it violated his constitutional right to privacy. On August 22, 2014, the trial court granted Phelps' motions to compel and awarded Phelps $3,655 in fees and costs.

---

[1]    Further unspecified statutory references are to the Code of Civil Procedure.

The court ordered Bishop to respond to the interrogatories without objection and to produce all responsive documents.

In April 2014, Bishop appeared for a judgment debtor's examination. Following the examination, the court ordered Bishop to deliver three vehicles to the Los Angeles County Sheriff to be applied to the satisfaction of the judgment entered in November 2013.

In May 2014, Bishop served a subpoena on Phelps' counsel, Frances M. Campbell, seeking all information and documents related to the litigation and the attorney fees. Phelps filed a motion to quash, asserting that the subpoena was improper because the action already had been adjudicated and the subpoena was served on an attorney, not a party. Bishop opposed the motion to quash, stating that he was seeking to add documents to the record in his prior appeals. On July 14, 2014, the trial court granted the motion to quash and awarded Phelps sanctions in the amount of $1,620.

## DISCUSSION

Bishop appeals from two post-judgment orders: (1) the August 22, 2014 order granting Phelps' motions to compel Bishop to respond to post-judgment discovery, and (2) the July 14, 2014 order granting Phelps' motion to quash.[2] He contends that the order granting Phelps' motion to compel him to respond to post-judgment discovery violates his constitutional right to privacy. Bishop further contends that the court erred in granting Phelps' motion to quash his subpoena of

---

[2] Phelps contends that Bishop has forfeited his challenge to the April 15, 2014 order to deliver vehicles to the Los Angeles County Sheriff by failing to address it in his brief. We agree. (See *Jones v. Jacobson* (2011) 195 Cal.App.4th 1, 19, fn. 12 ["[I]ssues and arguments not addressed in the briefs on appeal are deemed forfeited. [Citations.]"].)

Phelps' counsel because the amount of the award of attorney fees was unconscionable. The trial court's discovery rulings are reviewed for an abuse of discretion. (*Ombudsman Services of Northern California v. Superior Court* (2007) 154 Cal.App.4th 1233, 1241.) We find Bishop's contentions unmeritorious and therefore affirm.

*Appealability of Orders*

Phelps contends that the orders appellant challenges are not appealable and therefore does not address the merits of Bishop's claims. Although we acknowledge Phelps' concern that this appeal is brought to delay enforcement of the judgment, we conclude that the orders are appealable under section 904.1, subdivision (a)(2), "which provides that '[a]n appeal . . . may be taken from . . . [¶] . . . [¶] . . . an order made after a judgment . . . .'" (*Macaluso v. Superior Court* (2013) 219 Cal.App.4th 1042, 1047 (*Macaluso*).)

"[N]ot every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).) First, "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment. [Citation.]" (*Ibid.*) Second, "'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' [Citation.] Under this rule, a postjudgment order that does 'not affect the judgment or relate to its enforcement [is] not appealable . . . .' [Citation.]" (*Id.* at pp. 651-652.) "In *Lakin*, the court explained that 'postjudgment orders making a final determination of rights or obligations of parties' [citation] have been held appealable 'even though they did not necessarily add to or subtract from the judgment' [citation]." (*Macaluso, supra*, 219 Cal.App.4th at p. 1047.)

4

Whether an order is "appealable as a final judgment under Code of Civil Procedure section 904.1, subdivision (a) turns on whether they terminate the litigation between the parties, leaving only the issue of compliance or noncompliance." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 6-7 (*Dana Point*).)

In *Dana Point*, the California Supreme Court held that a trial court's order compelling compliance with a legislative subpoena was appealable. (*Dana Point, supra*, 51 Cal.4th at p. 4.) The court distinguished an administrative subpoena from discovery orders, which generally are not appealable because they "'are made in connection with pending lawsuits which have yet to be resolved. A discovery order does not determine all of the parties' rights and liabilities at issue in the litigation.'" (*Id.* at p. 10.)

Despite the general language in *Dana Point* regarding the appealability of discovery orders, the orders at issue here are post-judgment orders made in the context of Phelps' attempts to enforce the judgment. Thus, they are not "'made in connection with pending lawsuits which have yet to be resolved.'" (*Dana Point, supra*, 51 Cal.4th at p. 10.) Instead, similar to the administrative subpoena at issue in *Dana Point*, the orders here "leave nothing to the party against whom judgment is rendered except to comply. [Citations.]" (*Id.* at p. 11.) The orders do not "contemplate future proceedings nor otherwise indicate that [they are] not final." (*Ibid.*)

This case is similar to *Macaluso*, in which the court "examine[d] whether an order that overrules a third party witness's objections to a subpoena duces tecum and compels the third party witness to produce documents at a judgment debtor examination held pursuant to section 708.110 is an appealable order within the meaning of section 904.1, subdivision (a)(2)." (*Macaluso, supra*, 219 Cal.App.4th

5

at p. 1047.) The court reasoned that an order directing the witness "to perform an act – to produce records claimed to be confidential or privileged – is final and not subject to further resolution in further proceedings." (*Id.* at p. 1049.) Because the order was a final determination that the witness was obligated to produce certain documents, and "'no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the [order][,]'" the court held that the order was appealable. (*Id.* at p. 1050.)

*Macaluso* distinguished the case on which Phelps relies, *Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211 (*Roden*). We also find *Roden* distinguishable. In *Roden*, the defendant was the plaintiff's former employer. The defendant agreed to pay the plaintiff a $5 million lump sum and to continue his employment benefits. When the plaintiff sought to collect the amounts due to him under the judgment, the parties disagreed about the amount of the employment benefits. The trial court granted the plaintiff's post-judgment request to compel the production of documents, stating that there was a money judgment and that the court had retained jurisdiction in order to determine the amount of benefits payable. On appeal, the court held that the post-judgment discovery order was not an appealable order because it "clearly anticipated further proceedings for the quantification of benefits." (*Id.* at p. 218.)

Unlike *Roden*, the judgment here was an amount certain. No further proceedings are anticipated. Instead, as in *Macaluso*, the only issue is the fact of Bishop's compliance or noncompliance with the terms of the order granting Phelps' motion to compel. As for the order granting Phelps' motion to quash Bishop's subpoena of her attorney, there is no issue left for future consideration. Both orders therefore are final for purposes of appeal. (*Dana Point, supra*, 51 Cal.4th at p. 11; see also *Keitel v. Heubel* (2002) 103 Cal.App.4th 324, 339 [post-

6

judgment order to enforce execution of the judgment appealable where it determined rights and liabilities of the parties arising from the judgment, was not preliminary to later proceedings, and would not become subject to appeal after some future judgment]; *Housing Group v. United Nat. Ins. Co.* (2001) 90 Cal.App.4th 1106, 1110, fn. 3 ["An order regarding enforcement of a judgment is immediately appealable. [Citation.]"].)

*August 22, 2014 Order Granting Phelps' Motion to Compel Responses*

Bishop challenges the order granting Phelps' motion to compel on the grounds that the requests violate his constitutional right to privacy and that the trial court previously ruled that the information was not subject to discovery. The court did not abuse its discretion in granting the motion to compel.

First, we dispose of Bishop's assertion that after reviewing the documents in camera the superior court ruled that the documents sought by Phelps are "undiscoverable." The citation Bishop provides does not indicate that the court ruled that Phelps was not entitled to the information. Bishop merely cites the special interrogatory requesting the financial documents Bishop had produced to the court and which the court ordered Bishop "to retain pending disposition of Appeal No. B252583." There is no indication in the record that the court found the documents to be "undiscoverable."

Contrary to Bishop's assertion that the court ruled the documents were not discoverable, the court granted Phelps' motion to compel and ordered Bishop "to provide written responses, under oath and without objection," to Phelps' post-judgment written interrogatories and her post-judgment demand for inspection of documents. The court further ordered Bishop "to produce all responsive documents, not later than September 19, 2014."

7

Second, we are not persuaded by his contention that the requests violate his right to privacy. "In order to determine a debtor's assets, a judgment creditor may propound written interrogatories and/or demand the production of documents in the manner provided by the general discovery statutes, and the judgment debtor's response must likewise follow the same discovery provisions. (§§ 708.020, 708.030.)" (*Lee v. Swansboro Country Property Owners Assn.* (2007) 151 Cal.App.4th 575, 580-581.) "A judgment debtor examination is intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor. [Citations.]" (*Hooser v. Superior Court* (2000) 84 Cal.App.4th 997, 1002.)

We have examined Phelps' interrogatories and demand for inspection of documents and find that the information Phelps sought concerned only financial information pertinent to enforcement of the money judgment.[3] She does not seek any information protected by privilege or information about third parties that would violate those parties' right to privacy. Bishop does not make any specific contentions to support his vague "right to privacy" argument.

The cases Bishop relies on are inapposite. For example, *Babcock v. Superior Court* (1994) 29 Cal.App.4th 721 concerns the disclosure of a third party's financial information – the information of "people living with ex-spouses." (*Id.* at p. 723.) Phelps seeks information only about Bishop, not about any third parties.

---

[3] Because Phelps sought only financial information, it is unclear why Bishop repeatedly claims an absolute privilege against disclosure of medical information. We further note that Bishop makes extensive arguments about the underlying constructive eviction cause of action and the award of attorney fees. However, as stated above, we already have affirmed the underlying judgment. (*Phelps I*, *supra*, 2015 Cal. App. Unpub. LEXIS 3727 at p. *23.)

"The constitutional right of privacy does not provide absolute protection against disclosure of personal information; rather it must be balanced against the countervailing public interests in disclosure. [Citation.] For example, there is a general public interest in ""'facilitating the ascertainment of truth in connection with legal proceedings'"" [citation] and in obtaining just results in litigation [citation]. The public also has an interest in facilitating the enforcement of judgments, thus 'ensuring that those injured by the actionable conduct of others receive full redress of those injuries.' [Citation.] If these public interests in disclosure of private information are found to be 'compelling,' the individual's right of privacy must give way and disclosure will be required. [Citation.]" (*Hooser v. Superior Court, supra,* 84 Cal.App.4th at p. 1004.)

The public interest in facilitating the enforcement of Phelps' judgment against Bishop overrides any privacy interest Bishop may assert in his financial information. The trial court properly granted the motion to compel.

*July 14, 2014 Order Granting Phelps' Motion to Quash Subpoena*

Bishop's challenge to the order granting Phelps' motion to quash is based on his assertion that the award of attorney fees was unconscionable. In Bishop's prior appeal, we rejected his argument that the attorney fees were excessive. (*Phelps I, supra*, 2015 Cal. App. Unpub. LEXIS 3727 at p. *21.)

## DISPOSITION

The judgment is affirmed.  Phelps is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:




MANELLA, J.




COLLINS, J.


10