Filed 10/10/24  Tye v. Papp CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MATTHEW TYE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ERIC PAPP et al.,<br><br>    Defendants and Respondents. | E080245<br><br>(Super.Ct.No. RIC1904721)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Godofredo Magno, Judge.  Affirmed.

Matthew Tye, in pro per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Plaintiff and appellant Matthew Tye asks that we reverse an anti-SLAPP fee award against him on three grounds.  First, he argues the trial court erred in determining he did not serve a notice of entry of judgment, which, if served, would have rendered the fees motion untimely.  Second, he argues the trial court wrongfully denied him the right to

1

conduct discovery to support his opposition to the motion. And third, he argues the trial court erred in awarding fees. We reject each argument and affirm.[1]

## I. BACKGROUND

This is the third appeal in this case. In *Tye v. Papp* (Jul. 26, 2021, E075153 [nonpub. opn.] (*Tye I*)), we affirmed the trial court's order granting a section 425.16 special motion to strike, or anti-SLAPP motion, brought by defendants and respondents Eric Papp and Justin Tye. In *Tye v. Papp* (May 9, 2022, E076523 [nonpub. opn.] (*Tye II*), we held the trial court's order granting respondents' subsequent fee motion relied on incorrect legal reasoning. Because we could not resolve a dispositive factual issue, we reversed the order and remanded for further proceedings. The factual issue was whether Tye sent a notice of entry of judgment on the day he claims it was mailed, which bears on whether service was completed at that time. (*Tye II*, *supra*, E076523.)

On remand, the trial court found Tye did not complete service on March 26, 2020. This was based in part on a determination that the proof of service did not comply with section 1013a. As a result, respondents' fee motion, filed on June 15, 2020, was timely. The court then denied Tye's motion to conduct discovery to oppose the fee motion and awarded respondents $8,111, down from the $36,101 that respondents had requested.[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure. Also, we use "Tye" to mean plaintiff and appellant Matthew Tye, not defendant and respondent Justin Tye.

[2] Respondents have not cross-appealed to contest the fee reduction or filed a respondent's brief in this appeal.

## II.  DISCUSSION

Before addressing the merits, we must first note a deficiency in Tye's opening brief.  The brief contains no statement of facts, thus violating California Rules of Court, rule 8.204(a)(2)(C).[3]  Although we exercise our discretion to disregard the noncompliance here, we caution Tye that similar future deficiencies may result in briefs being stricken.  (Rule 8.204(e).)

### A.  *Service of Notice of Entry of Judgment*

We begin with Tye's claim that the trial court erred in finding he did not serve the notice of entry of judgment.  We find no error, as the trial court correctly concluded the proof of service accompanying the notice did not substantially comply with section 1013a.

In *Tye II*, we framed the issue as follows:  "Rule 3.1702(b) provides that a 'notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case.'  Rule 8.108 concerns extensions and is not at issue here.  Rule 8.104 states that, barring exceptions not applicable here, 'a notice of appeal must be filed on or before the earliest of:  [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the

---

[3]  Undesignated rule references are to the California Rules of Court.

notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment.' (Rule 8.104(a)(1).)

"Our focus here is on the second prong, rule 8.104(a)(1)(B), which starts a 60 day clock when 'the party filing the [fees motion] serves or is served by a party with a document entitled "Notice of Entry" of judgment . . . , accompanied by proof of service.'

"If, as Tye contends, his notice of entry of judgment was served on March 26, then [respondents] would have had to file the fees motion by June 1. Sixty days after March 26 is May 25. Because service was by mail, [respondents] would have had five additional days, or until May 30. (§ 1013, subd. (a).) And then, because May 30, 2020 fell on a Saturday, [respondents] would have had until the following Monday to file the fees motion, which was June 1. (§§ 12, 12a.) The motion was filed on June 16." (*Tye II*, *supra*, E076523.)

On remand, and citing multiple grounds, the trial court determined that Tye did not serve his notice of entry of judgment on March 26. As relevant here, the court found the proof of service accompanying the notice was defective. We agree with that finding, and that the defective proof of service rendered service of the notice ineffective.

In *Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51 (*Thiara*), the Court of Appeal held that mailing a copy of the judgment without a proof of service did not comply with former rule 8.104(a)(2), now rule 8.104(a)(1)(B), and therefore "did not commence the 60-day period for filing a notice of appeal." (*Thiara*,

4

*supra*, at p. 58.)  Noting the "requirement of a proof of service was added to the rule" for the specific purpose of "'establish[ing] the date that the 60-day period . . . begins to run,'" *Thiara* stated that disregarding the proof of service requirement would render its inclusion in the rule "surplusage, a result to be avoided."  (*Id.* at p. 57.)

*Thiara* involved a situation where there was no proof of service, but *Thiara*'s reasoning applies equally well here, where there is a purported proof of service, but the proof of service does not substantially comply with the Code of Civil Procedure's requirements.

Section 1013a states, in relevant part:  "Proof of service by mail may be made by . . . :  [¶]  (1)  An affidavit setting forth the exact title of the document served and filed in the cause, showing the name and residence or business address of the person making the service, showing that he or she is a resident of or employed in the county where the mailing occurs, that he or she is over the age of 18 years and not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid."  "[O]nly substantial compliance" with section 1013a is required.  (*Him v. City and County of San Francisco* (2005) 133 Cal.App.4th 437, 443.)

5

Tye's proof of service suffered from three deficiencies, which together amount to a lack of substantial compliance with section 1013a.[4] First, it did not include the "name . . . of the person making the service." (§ 1013a, subd. (1).) Second, it lacked a statement that the person making the service "is a resident of or employed in the county where the mailing occurs." (*Ibid*.)

Third, section 1013a, subdivision (1)'s affidavit requirement was not satisfied. "Since 1872, an affidavit has been defined as 'a written declaration under oath' [citation], taken before 'any officer authorized to administer oaths.'" (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 609 (*Kulshrestha*).) However, "section 2015.5 allows use of 'unsworn' declarations made under penalty of perjury whenever state law 'require[s] or permit[s]' facts to be evidenced by affidavits or other 'sworn' statements." (*Kulshrestha*, *supra*, at p. 610.) Section 2015.5 requires an unsworn declaration of a person to "recite[] that it is certified or declared by him or her to be true under penalty of perjury." (§ 2015.5.) In the proof of service here, however, the unnamed process server "certif[ies]" only "that the foregoing is true and correct." It does not mention perjury. As our Supreme Court has stated, the omission of perjury is significant. (See *Kulshrestha*, *supra*, at p. 611 ["in-state declarations [under section 2015.5] must satisfy the same substantive requirements as their out-of-state counterparts, *including an express facial reference to California's perjury law*"], italics added.) Indeed, the crime of perjury is

---

[4] We leave for another day the question of whether a proof of service could substantially comply with section 1013a despite one or two of these deficiencies, instead of all three.

defined as a false statement made "under penalty of perjury." (Pen. Code, § 118, subd. (a) ["every person who . . . declares, . . . or certifies *under penalty of perjury . . .* and willfully states as true any material matter which he or she knows to be false, is guilty of perjury"], italics added.)

Thus, the proof of service here includes an unnamed individual's certification—but not under penalty of perjury, and who may or may not be a resident of or worker in the county where the proof of service was mailed—that respondents were served on March 26, 2020. Such a proof of service does not substantially comply with section 1013a. Because the proof of service was insufficient, rule 8.104(a)(1)(B)'s requirements were not met, and its mailing did not commence the 60-day deadline for respondents' fee motion.

Tye argues that he submitted an amended proof of service in November 2022 and that the amended proof of service, which is backdated to March 2020, should have meant he served the notice of entry of judgment in March 2020. Tye cites no authority for this argument, so we deem it forfeited. (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 681.) In any event, we are doubtful that a curative action taken years after an ineffective one could retroactively render an opposing party's motion untimely.

The trial court therefore correctly concluded that Tye did not complete service in March 2020 because the proof of service was deficient. As a result, we need not consider whether the conclusion is supported on other grounds cited by the trial court. Because

Tye did not serve respondents with the notice of entry of judgment in March 2020, their June 2020 anti-SLAPP fees motion was timely.

### B. Discovery on Fees Motion

Tye next contends that the trial court erred in denying him the opportunity to conduct discovery to oppose respondents' fee motion. Tye's stated purpose for the discovery was to develop evidence to support the argument that Papp, who is a lawyer, is in fact a self-represented party and therefore may not recover anti-SLAPP fees. (See *Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 494.) His theory is that respondents obtained counsel merely to have a "straw lawyer" to extract "windfall" fee awards from Tye, and respondents are not "actually paying" their counsel any fees.

The trial court denied Tye's discovery motion on the grounds that the action was no longer pending. (See § 2017.010 [requirements for discovery include "pending action"]; *Department of Fair Employment & Housing v. Superior Court* (1990) 225 Cal.App.3d 728, 732.) We assume without deciding that the action is still "pending" such that the Civil Discovery Act (§ 2016.010 et seq.) may apply. We nevertheless hold Tye has not shown prejudice, as caselaw makes clear respondents have incurred recoverable fees even under Tye's theory.[5]

---

[5] Tye appealed from the order denying additional discovery. As discussed in section II. C. below, the order on the discovery motion was nonappealable, so we construe Tye's appeal from the order to be taken from the later ruling on the fees motion. (See *Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 217 ["The discovery order in this case, 'although following an earlier judgment, [is] more accurately understood as being preliminary to a later judgment, at which time [it] will become ripe for appeal'"].)

Tye alleges that respondents have paid their counsel little to no money and that counsel does not expect them to pay.  Tye then argues that respondents have not incurred recoverable fees as a result, because to incur means to be obligated to pay.  However, in *Lolley v. Campbell* (2002) 28 Cal.4th 367 (*Lolley*) our Supreme Court made clear that "'[a] party's entitlement to fees is not affected by the fact that the attorneys for whom fees are being claimed were funded by governmental or charitable sources or agreed to represent the party without charge.'"  (*Id.* at p. 373.)  Thus, "in cases involving a variety of statutory fee-shifting provisions, California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, *although the party did not have a personal obligation to pay for such services out of his or her own assets*."  (*Ibid.*, italics added.)  As a result, Tye's theory would not preclude respondents' fees, even if Tye were allowed to conduct additional discovery and uncovered evidence supporting his allegations.

In arguing otherwise, Tye relies on *Trope v. Katz* (1995) 11 Cal.4th 274 (*Trope*), in which our Supreme Court stated that "the usual and ordinary meaning of the words 'attorney's fees['] . . . is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation."  (*Id.* at p. 280.)  Tye's reliance is misplaced.  In *Lolley*, the Court confined *Trope* to the specific context in which it arose:  "We held in *Trope* that an attorney who appears in propria persona in an action to enforce a contract could not recover attorney fees under Civil Code section 1717," but the statement regarding the meaning of "attorney's fees" "was not intended to resolve issues . . . that

9

were not raised in *Trope*." (*Lolley*, *supra*, 28 Cal.4th at p. 377.) Importantly, as *Lolley* noted, the principle that fees are recoverable even without a personal obligation to pay applies *to anti-SLAPP fees*: "[I]n *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1127, . . . we explained that 'any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.' [Citation.] Although the indigent defendant in *Ketchum* was not obligated to pay any fees out of his own assets, we held that an award of fees was authorized to pay the attorney for 'the fees *incurred* with respect to the underlying claim' and 'the fees *incurred* in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16.'" (*Lolley*, *supra*, at pp. 373-374; accord, *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 283 ["section 425.16, subdivision (c) can and should be construed to permit recovery of attorney fees that are accrued by outside counsel representing a party on a partial pro bono basis, where counsel has not waived the right to seek recovery of the attorney fees from third parties, such as insurers, but only from the client"].)

Accordingly, even if discovery yielded support for Tye's claim that respondents did not have a personal obligation to pay their counsel, respondents would still be entitled to their anti-SLAPP fees. Tye therefore fails to demonstrate prejudice (Cal. Const., art. VI, § 13), and the motion was correctly denied.

*C. Fees Motion*

Lastly, Tye argues that the trial court's ruling on the fee motion itself was erroneous because: (1) the trial court lacked jurisdiction once Tye appealed the discovery

10

order; (2) he lacked a genuine opportunity to oppose the motion because of the needed discovery; (3) respondents did not actually incur any fees; and (4) the trial court was "apparently not aware" it could have reduced the fee award to zero. None of these arguments have merit.

Tye's November 2022 notice of appeal from the discovery motion did not divest the trial court of jurisdiction to rule on the December 2022 fee motion because the discovery order was not appealable. "Generally, the filing of a notice of appeal 'divests the trial court of further jurisdiction in the cause.'" (*Avenida San Juan Partnership v. City of San Clemente* (2011) 201 Cal.App.4th 1256, 1267.) And, generally, postjudgment orders are appealable. (See § 904.1, subd. (a)(2).) But as our Supreme Court stated in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644 (*Lakin*), "not *every* postjudgment order that follows a final appealable judgment is appealable." (*Lakin*, *supra*, at p. 651, italics added.) Nonappealable postjudgment orders include "orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment." (*Id.* at p. 652.) Such orders become ripe for appeal upon the later judgment. (*Ibid.*) And "[a]n appeal from a nonappealable order does not divest the trial court of jurisdiction." (*Holloway v. Quetel* (2015) 242 Cal.App.4th 1425, 1431, fn. 6.)

Here, before the trial court's ruling on the fees motion, its ruling on the discovery motion was a nonappealable, preliminary order. *Roden v. AmerisourceBergen Corp.*, *supra*, 130 Cal.App.4th 211 (*Roden*), which also involved a discovery order, is on point.

11

There, the Court of Appeal held that an "order permitting postjudgment discovery" was nonappealable because it was "preparatory to a later ruling." (*Roden*, *supra*, 130 Cal.App.4th at pp. 213-214, 216.) Citing *Lakin*, *Roden* stated that "[t]he discovery order in this case, 'although following an earlier judgment, [is] more accurately understood as being preliminary to a later judgment, at which time [it] will become ripe for appeal.'" (*Roden*, *supra*, at p. 217.) Applying the same reasoning, the ruling on Tye's discovery order was not appealable, and therefore did not divest the trial court of jurisdiction to rule on the fees motion.

The other grounds Tye asserts for error on the fees motion do not require extended discussion. As discussed above, the discovery motion was correctly denied, and his argument that the fees motion was erroneous because respondents did not incur fees is without merit. Tye asserts that the trial court was "apparently not aware" it could have reduced the $36,101 that respondents had requested all the way down to zero under *Serrano v. Unruh* (1982) 32 Cal.3d 621, 635 (*Serrano*). This assertion runs afoul of "'the presumption that judicial duty is properly performed [Evid. Code, § 664],'" which includes the presumption "'that the court knows and applies the correct statutory and case law.'" (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1526.) Moreover, it is disingenuous, as the reporter's transcript of the hearing on the fees motion shows Tye expressly reminded the court of its ability to "reduce the award or deny one altogether" under *Serrano*. The court was not unaware of the scope of its discretion, it just chose to exercise it differently than Tye would have preferred.

## III.  DISPOSITION

The December 1, 2022 fees order is affirmed.  Since respondents filed no briefing in this appeal, no award of costs is appropriate.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:

MILLER

Acting P. J.

MENETREZ

J.

13