Filed 12/26/23  Myers v. Sundby CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

STATE OF CALIFORNIA

| | |
|---|---|
| JEFFREY MYERS et al.,<br><br>  Plaintiffs and Respondents,<br><br>  v.<br><br>DALE SUNDBY,<br><br>  Defendant and Appellant. | D081600<br><br>(Super. Ct. No. 37-2021-00055006-CU-UD-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Dismissed.

Dale Sundby, in pro. per., for Defendant and Appellant.

Lewis R. Landau for Plaintiffs and Respondents.

This appeal arises out of an unlawful detainer action filed by Jeffrey Myers and Kathleen Myers (the Myerses) against Edith Littlefield Sundby

and Dale Sundby (the Sundbys).[1]  Dale appeals a postjudgment order dated February 10, 2023, denying his postjudgment motion for mandatory joinder of the Sundby Declaration of Trust, Trust No. 1989-1, Dated January 26, 1989 (the Sundby Trust).  The Myerses filed a motion to dismiss the appeal and for sanctions.  We grant the motion to dismiss and deny the motion for sanctions.

FACTUAL AND PROCEDURAL BACKGROUND[2]

The Sundbys, as trustees of the Sundby Trust, are the former owners of two parcels of real estate located in La Jolla, California (the property).  The Sundby Trust defaulted in the payment of a promissory note secured by a deed of trust on the property.  The owner and holder of the promissory note and deed of trust recorded a notice of default, held a foreclosure sale, and sold the property to the Myerses.  On September 16, 2021, the Myerses served a written three-day notice to quit due to foreclosure and a ninety-day notice to quit due to foreclosure, demanding possession of the property within three days after service on the Sundbys.

The Myerses filed a verified unlawful detainer complaint against the Sundbys, in their capacity as co-trustees of the Sundby Trust, after the Sundbys refused to deliver possession of the property.  The trial court entered default judgments against Edith and Dale.  In prior consolidated appeals, we affirmed the trial court's denial of Dale's motion to vacate his default and the

---

[1]     We refer to Edith Littlefield Sundby and Dale Sundby by their first names for clarity.

[2]     The parties are familiar with the factual and procedural history of the case, much of which is of limited relevance to this appeal.  Accordingly, we summarize only the case history most pertinent to the issues presented in the appeal and the motion for dismissal and sanctions.

resulting default judgment against him. (*Myers v. Sundby* (Jan. 25, 2023, D080011, D080348, D080687) [nonpub. opn.] (*Myers I*).)[3]

While *Myers I* was pending decision, Dale filed a motion for mandatory joinder of the Sundby Trust pursuant to Code of Civil Procedure[4] section 389, subdivision (a)(2). On February 10, 2023, the trial court denied Dale's motion finding that Dale's default status cut off his right to file pleadings and motions. On the merits, the court found that complete relief could be afforded on the Myerses's complaint without addition of the Sundby Trust as a party. Dale timely appealed from this order.

DISCUSSION

Dale's opening brief presents five issues for review, whether: (1) an eviction is unlawful where the trial court is in receipt of a claim of right to possession; (2) the sole settlor, trustee and beneficiary of a person's community property interest in a trust can be denied the right to self-represent those trust interests; (3) a court can deny a nonparty the right to bring a motion for mandatory joinder to protect an interest in property; (4) a party who has been defaulted may be denied the right to file a motion for mandatory joinder; and (5) a living trust's interest in possession of property may be summarily denied in an unlawful detainer action.

Dale's notice of appeal specifies he is appealing from the February 10, 2023, postjudgment order denying his motion for mandatory joinder. Issues 1, 2 and 5 are beyond the scope of this appeal because these issues were not before the trial court when it ruled on Dale's motion for mandatory joinder of

---

[3]    On our own motion, we take judicial notice of the record in the prior consolidated appeals, *Myers I, supra*, D080011, D080348, D080687. (Evid. Code, §§ 459, subd. (a), 452, subd. (d)(1).)

[4]    Undesignated statutory references are to the Code of Civil Procedure.

3

the Sundby Trust. Additionally, we have no jurisdiction to review an order not mentioned in the notice of appeal. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) Accordingly, this appeal is limited to the denial of Dale's motion for mandatory joinder of the Sundby Trust and we shall disregard the portion of Dale's briefs addressing issues 1, 2 and 5.

As to issues 3 and 4, which relate to the denial of Dale's motion for mandatory joinder of the Sundby Trust, the Myerses argued in their respondents' brief that the order denying joinder is not appealable because it does not affect or relate to the judgment. They subsequently moved to dismiss the appeal on these grounds. Dale responded to the appealability argument in his reply briefing, asserting: (1) any claim of right to possession affects a writ of possession and the judgment upon which it is based; and (2) his right as a trustee to be joined, after being denied his due process right to have his claim of right to possession to be determined also affects any prior judgment.[5]

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Because an appealable order is essential to appellate jurisdiction, we must dismiss an appeal from a nonappealable order. (*Daugherty v. City and County of San Francisco* (2018) 24 Cal.App.5th 928, 942.) An order entered after an appealable judgment is itself appealable under section 904.1, subdivision (a)(2). However, "not every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644,

---

[5]     Although Dale filed opposition to the motion to dismiss, he presented no substantive arguments in this brief.

4

651.) The first requirement "is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment." (*Ibid.*) The second is "that 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Id.* at pp. 651-652.) A postjudgment order "affects" the judgment or "relates to its enforcement" when "it determines the rights and liabilities of the parties arising from the judgment, is not preliminary to later proceedings, and will not become subject to appeal after some future judgment." (*Id.* at p. 656.)

Here, Dale does not explain how denying joinder of the Sundby Trust, after the Myerses have already obtained possession of the property, affected the unlawful detainer judgment or related to its enforcement. Instead, he contends any claim of right to possession affects a writ of possession and the judgment upon which it is based. However, the writ of possession is not at issue on this appeal. He also appears to assert that joining the Sundby Trust would affect the prior unlawful detainer judgment because this judgment would not apply to the joined party. He cited no authority for this argument and we need not discuss it.[6] (*Golden Day Schools, Inc. v. Department of Education* (1999) 69 Cal.App.4th 681, 695, fn. 9 ["An issue merely raised by a party without any argument or authority is deemed to be without foundation and requires no discussion."].) We conclude the February 10, 2023, postjudgment order denying joinder of the Sundby Trust is not appealable because Dale has not shown how this order determines the rights and liabilities of the parties arising from the unlawful detainer judgment.

---

[6] In any event, we note that a trust " 'is not an entity separate from its trustees' " and it "cannot sue or be sued." (*Portico Management Group, LLC v. Harrison* (2011) 202 Cal.App.4th 464, 473.) " 'As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf.' " (*Ibid.*)

Consequently, the February 10, 2023, postjudgment order denying joinder is not appealable. Because we lack jurisdiction to review a nonappealable order, this appeal must be dismissed.

The Myerses seek sanctions under section 907 and California Rules of Court, rule 8.276 for filing a frivolous appeal. Section 907 provides, "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (See also Cal. Rules of Court, rule 8.276(a)(1) [Court of Appeal may impose sanctions on party or attorney for "[t]aking a frivolous appeal or appealing solely to cause delay"].) "[T]he punishment should be used most sparingly to deter only the most egregious conduct." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651.) Because we dismiss this appeal based on lack of jurisdiction, we decline to find that the appeal is so egregious as to warrant the imposition of sanctions. Accordingly, the motion for sanctions is denied.

## DISPOSITION

The appeal is dismissed. Respondents' motion for sanctions is denied. Respondents are entitled to their costs on appeal.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P.J.

DATO, J.

6