Filed 6/3/25  Phan v. Phan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

<table>
<tr><td>ALAN QUANG PHAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTINE PHAN,<br><br>    Defendant and Appellant.</td><td>H050579<br>(Santa Clara County<br> Super. Ct. No. 16CV303083)</td></tr>
</table>

Plaintiff and respondent Alan Quang Phan secured an order:  (1) Requiring defendants Karen Vuu Phan and Christine Phan to comply with a July 2019 settlement agreement and a March 2020 order enforcing a settlement agreement concerning certain real property;[1] (2) permitting Alan to immediately list the property for sale; (3) requiring Karen and Christine to cooperate to effectuate the sale; and (4) appointing a judicial referee for enforcement of the settlement agreement and March 2020 order.  Christine, representing herself, appealed.

Christine challenges the order on two grounds.  First, she contends the trial court discriminated against her as a self-represented litigant by denying her the right to be heard.  Second, Christine contends that Karen lacks mental competency and that, because Christine had declared a doubt as to Karen's competency, the court should have deferred

---

[1] Because they share a surname, we identify the parties by their first names for clarity, intending no disrespect.

hearing Alan's motion until Karen underwent a competency evaluation under Penal Code section 1368. But Christine has not supplied a record substantiating either of her challenges. We affirm.

## I. BACKGROUND

The parties have supplied only a limited record for our review. Christine elected to prepare an appendix under California Rules of Court, rule 8.124 and to proceed without a record of any oral proceedings.[2] Her appendix includes only two documents— the minute order entered after the trial court's ultimate hearing on Alan's motion and the written order granting the motion. She separately provided a copy of the superior court's register of actions as of January 2023. Alan's appendix adds only a minute order entered after an earlier hearing on the same motion.[3]

Alan initiated this action against Christine and Karen in 2016. The action involves the disposition of real property. During some stages of the proceedings, Christine and Karen were represented by counsel; at other times they were self-represented.

At a mandatory settlement conference in July 2019, the parties reached a settlement agreement under Code of Civil Procedure section 664.6.[4] The parties stipulated to the entry of an order specifying that Alan currently owns an undivided 50 percent interest in a single-family home in Santa Clara County, while Christine and Karen each own an undivided 25 percent interest. The stipulated order specified terms by

---

[2] Undesignated rule references are to the California Rules of Court.

[3] Having given the parties notice, we augment the record to confirm our jurisdiction and include (1) the July 3, 2019 stipulated order for settlement pursuant to section 664.6 and (2) the March 11, 2020 order granting Alan's motion to enforce the settlement. (See *Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1251–1252 [amending order enforcing settlement under § 664.6, which finally determined the rights of the parties in the action, to include an appealable judgment to expedite appellate review]; § 904.1, subd. (a)(2).)

[4] Undesignated statutory references are to the Code of Civil Procedure.

2

which the parties would jointly list the property for sale but first afforded Christine and Karen a two-month window in which to purchase Alan's interest.

Three months later, Alan moved to enforce the settlement. The trial court granted the motion in March 2020, ordering among other things that Alan "is entitled to list the Subject Property . . . for sale" and "may enter into a listing agreement with a reputable real estate broker to list the Subject Property for sale immediately."

In August 2021, Alan filed the present motion concerning the appointment of a referee and enforcement of the settlement. After several continuances, the motion came on for an unreported hearing in October 2022. Alan was represented by counsel; Christine was present representing herself; Karen was absent. The court continued the matter for a week and ordered Karen's counsel "on the probate case" to appear at the continued hearing.

At the continued and unreported hearing, Alan was represented by counsel, Christine was present representing herself, and Karen was absent. Karen's probate counsel appeared as directed. The court granted Alan's motion, signing a proposed order prepared by Alan's counsel.

In its written order, the court reiterated that Alan "may proceed with the listing of the Subject Property for sale immediately" and also found "that the appointment of a judicial referee is necessary for the enforcement of the Settlement Agreement filed July 3, 2019, and Order filed March 11, 2020, granting enforcement of the Settlement Agreement concerning the listing and sale of the real property." Besides the referee appointment, the court this time also ordered that Christine and Karen "shall fully cooperate in order to effectuate the sale of the Subject Property" and "shall comply with the terms of the Settlement Agreement . . . and Order."

Christine timely appealed.

## II.    DISCUSSION

To begin, we acknowledge what is not at issue in this appeal: the parties' July 2019 stipulated order for settlement and the March 2020 order authorizing Alan to immediately list the property for sale. Those orders being final, we understand Christine to be appealing the November 2022 order to the extent it mandates, for the first time, her full cooperation to effectuate the sale of the property.[5] Christine challenges neither the substance of the November 2022 order nor the court's authority to issue it; she instead urges us to reverse on the basis of procedural defects—the bias she attributes to the trial court and the doubt she raised as to Karen's competency.

We must presume the trial court's order is correct. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)[6] Because it is Christine's burden as the appellant to overcome that presumption by demonstrating error on the appellate record, she " 'has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against' " her. (See *id*. at p. 609; see also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.) An adequate record must include any document filed in the superior court that is necessary for proper consideration

---

[5] The appointment of a referee, however, is preliminary to further proceedings and not itself appealable. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1218.) To be appealable under section 904.1, subdivision (a)(2), postjudgment orders must (1) raise issues different from those arising from an appeal from the judgment and (2) must either affect the judgment or relate to it by enforcing it or staying its execution. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652.) Here, the appointment of a referee does not itself affect or enforce the stipulated settlement; it serves as a procedural prelude to later steps to enforce the settlement.

[6] Neither party fully addresses the standard of review applicable, in the context of Christine's substantive challenges, to an order that (1) enforces a settlement; (2) enforces prior trial court orders; and (3) appoints a referee. Regardless, we lack a sufficient record to conduct any meaningful review of the trial court's order.

of the issues.[7] (See *Modaraei v. Action Property Management, Inc.* (2019) 40 Cal.App.5th 632, 636, fn. 6; rules 8.124(b)(1)(B), 8.122(b)(3).) If resolution of the appeal requires consideration of oral proceedings, the appellant must provide a reporter's transcript or a suitable substitute, such as an agreed or settled statement. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 [collecting cases where appellate courts refused to reach the merits because no reporter's transcript or suitable substitute was provided]; rules 8.120(b), 8.134, 8.137(b).) The record Christine has supplied, however, lacks any agreed or settled statement of the unreported oral proceedings, and it does not support her contentions on appeal. Nor does the respondent's appendix. We have, with notice to the parties, augmented the record on our own motion for the limited purpose of understanding what jurisdiction we have to review this matter, but because a self-represented litigant is held to the same standards as a represented party, we must otherwise hold Christine to her burden.

First, Christine's contention that the trial court prevented her from participating in hearings because she was self-represented is unsupported by the record. Christine has not provided a record of the oral proceedings. To be sure, Christine was entitled to present arguments on her own behalf in the proceedings below. (See *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638 [explaining that self-represented litigants are entitled to the same consideration as other litigants and attorneys]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 (*Nwosu*).) But we have no record from which we could determine whether she was prevented from doing so.[8]

---

[7] We do not undertake to identify each technical deficiency in Christine's appendix.

[8] We acknowledge that the trial court's written order generally refers to arguments of counsel, without mentioning any arguments from Christine. This omission does not establish that Christine was denied an opportunity to be heard.

Second, even if issues with one party's mental competence could entitle another party to a stay of proceedings,[9] Christine has supplied us with neither a record of Karen's lack of competence nor any request for a further continuance on that ground. We acknowledge Christine's assertions, in her appellate briefing, intended to demonstrate Karen's incompetence. But assertions in a brief are not a substitute for an appellate record developed in the trial court, and an adequate record is required. (See *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 [explaining that "[f]actual matters that are not part of the appellate record will not be considered on appeal and . . . should not be referred to in the briefs"]; *Jameson*, *supra*, 5 Cal.5th at p. 609.) We have no basis to say that the trial court mishandled evidence or argument on Karen's competence.[10]

We appreciate that navigating the appellate process can be difficult, particularly for the layperson.[11] Even so, Christine is subject to the same procedural rules as a represented party. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Nwosu*, *supra*, 122 Cal.App.4th at pp. 1246–1247.)[12] Applying those rules on the sparse record before us, we must reject Christine's appellate challenges to the order she appealed from.

---

[9] Christine's briefing on this issue relies on inapposite legal authority concerning a criminal defendant's competence to stand trial. Also, to the extent Christine suggests that Karen had a right to a continuance of the hearing, Christine does not address whether she may enforce Karen's rights. But we focus on the foundational deficiencies in the record.

[10] The trial court's minute orders reflect that the trial court secured an appearance from Karen's probate counsel before issuing the challenged order. Christine tells us that the probate matter concerned appointment of a conservator for Karen, due to Karen's alleged incompetence. But we have no record of what information was provided to the trial court about Karen's mental condition.

[11] Christine took two prior appeals from the same trial court action (*Phan v. Phan*, No. H048850; *Phan v. Phan*, No. H048997), both of which this court dismissed prior to merits briefing because she did not comply with court rules.

[12] In his merits brief, Alan asks us to sanction Christine under rule 8.276 for taking frivolous appeals, which Alan views as a delay tactic. Rule 8.276 authorized Alan to file a noticed motion for sanctions, although doing so could subject him to sanctions if his

### III.   DISPOSITION

The November 8, 2022 Order Granting Plaintiff's Motion to Appoint Judicial Referee for the Enforcement of Settlement Agreement is affirmed.

---

motion was deemed frivolous.  Alan chose not to bring a motion.  Although the rule also permits us to impose sanctions on our own motion, we, like Alan, are not inclined to make such a motion.

_____
LIE, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
GROVER, J.

*Phan v. Phan*
H050579